JOHN R. GALBRAITH v. WILLIAM GALBRAITH, *Ex'r*, *et. al.*

*Error from Miami County.*

1. REAL ESTATE: SPECIFIC PERFORMANCE, PAROL CONTRACT.—When the facts stated show a sale of land by parol, and part performance on the part of the purchaser by taking and holding po·session of the land under and in pursuance of said agreement, and making valuable improvements thereon, induced by said agreement, the law will compel a specific performance thereof.

2. ID: PARTLY EXECUTED, PAROL CONTRACT : GIFT.—Where the possession is taken and the improvements made, under a parol gift from a father to a son with a promise to make a deed upon certain conditions which have been performed, the rule is the same as in case of a purchaser for a valuable consideration.

3. ID: TESTIMONY.—The testimony in such cases must plainly show the contract or gift, and also that the acts constituting a part performance are referable to, and resulting from the agreement and such as the party would not have done, unless on account of that very contract or gift.*

---

* 1. STATUTORY CONSTRUCTION: STAT. OF FRAUDS.—The legislature in enacting the statute of frauds, [Comp. L., 568,] adopted the construction thereof established by a long series of decisions.

2. ID: EFFECT ON CONTRACT.—Semble, the English, like our statute, does not make a parol contract for the sale of land void, but only prevents the enforcing thereof.

3. ID: PART PERFORMANCE.—It seems that the part performance of a parol contract for the sale of lands, which will give it validity under the law, must be such as puts the party performing in a situation to be defrauded if the other party fails to perform, and which would show bad faith in the latter to refuse to perform.

4. ID: JURISDICTION OF COURT.—It seems the courts have jurisdiction to enforce such contracts, in those instances like ours, where the statute does not make such contracts void.

The facts of the case appear in the subjoined opinion of the court:

*B. F. Simpson*, for plaintiff in error.

*Massay* and *Oscar A. Touslay*, for defendant in error.

*For plaintiff in error*, it was submitted:

1. The authorities all agree that a contract in parol for the sale of real estate, with such part performance as the record shows in this case, can, and will be specifically enforced by a court of equity. *Fry on Spec. Perf.*, §§ 388–417; *Brown on Stat. of Fr.*, 443–487; *Powell on Cont.*, 299; *Newland on Cont.*, 181; *Sugden on Vend.*, 105; 6 *Blackf.*, 21; 4 *Kent's Coms.*, 451; 33 *Ill.*, 316; 3 *Grant*, [*Penn.*,] 74; 15 *Iowa*, 455, 504; 3 *Stockton*, [*N. J.*,] 151; 2 *Story, Eq. Jur.*, § 761; 18 *Conn.*, 259; 17 *Ind.*, 124; 3 *Rand.*, [*Va.*,] 14; 9 *Mo.*, 575; 8 *Barb.*, [*N. Y.*,] 612; 11 *Ohio St.*, 265; 3 *Watts & S.*, 56; 7 *Ohio St.*, 157; 12 *Penn. St.*, 117; 13 *Ohio*, 408; 3 *Watts*, [*Pa.*,] 253; 23 *Mo.*, 423; 6 *Watts*, [*Pa.*,] 509; 25 *Mo.*, 63; 1 *Binn.*, [*Pa.*] 378; 9 *Peters*, 86; 6 *Porter*, [*Ind.*,] 259; 8 *N. H.*, 9; 16 *Wend.*, 285; 2 *Day*, [*Conn.*,] 225; 6 *Ala.*, 562; 7 *Conn.*, 342; 23 *Me.*, 133; 13 *Conn.*, 478; 8 *N. H.*, 13; 5 *Wend.*, 638; 3 *English*, [*Ark.*,] 272; 1 *Hoff. Ch.*, 470; 4 *Wisc.*, 79; 1 *John. Ch.*, 131; 15 *Mass.*, 92; 1 *Sanf. Ch.*, 46; 1 *id.*, 579; 2 *C. C. E.*, 87; 11 *Gill & J.*, 314; 1 *Rand.*, 165; *Desau*, 592; 1 *Rich. Ch.*, 130; 3 *Porter*, 464; 4 *Blackf.*, 94; 1 *id.*, 58; 4 *id.*, 383; 2 *Scam.*, 218; *Harring. Ch.*, 31; 5 *Jones*, [*Mo.*,] 221; 3 *Barb. Ch.*, 407; 13 *Wisc.*, 142; 3 *Eng.*, 272; 14 *Geo.*, 238.

2. In the case of Bayer v. Cockerill, *et al.*, [3 *Kas. R.*, 282,] Judge CROZIER states "that possession taken by Clarkson with consent of Mrs. Hughes, and part payment of purchase money or the making of valuable improve-

ments, would be sufficient to enable Clarkson to enforce specific performance."

3. It is doubted whether an adjudged case can be found in which the facts are as strong as in the case at bar (and the demurrer admits them) where a court of equity refused to decree specific performance.

4. This action is properly brought under the thirty-first section of chapter one hundred and seventeen of the general statutes of 1868.

*Tousley, for defendant in error,* submitted:

1. Plaintiff in error declares in his petition on a parol contract for the conveyance of an interest in lands which is declared to be null and void by the sixth section of the statute of frauds and perjuries. *Gen. Stat.*, 505.

2. When it appears upon the face of a petition or bill that an agreement concerning an interest in lands set up by complainant is in parol, the defense of the statute of frauds may be taken advantage of on demurrer. *Randall v. Howard*, 2 *Black*, [*Sup. Ct. U. S.*,] 585; *Walter v. Locke, et al.*, 7 *Cush.*, 90; *Lackett v. Williamson*, 37 *Mo.*, 388; *Am. L. Review*, 55.

3. No allegation or averment appears in the petition of the plaintiff in error; that there had been such part performance of said parol contract on the part of the plaintiff; that he could not be compensated therefor in damages, to warrant the interference of this court to compel specific performance. *McKowan v. McDonald, et al.*, 43 *Penn.*, 443; *Postelwaite v. Freeze, et al.*, 7 *Casey*, 474; *Moore v. Small*, 7 *Harris R.*, 467; 1 *John. Ch.*, [*N. Y.*,] 284; *McLane v. White*, 5 *Minn.*, 178; *Eckhart v. Eckhart*, 3 *Penn.*, 362; *Christian v. Smith*, 30 *Georgia*, 96.

4. No allegation or averment appears in the petition that there was fraud or mistake on the part of the said

John Galbraith, deceased, or this defendant in error; or that the estate of the deceased has become or is about to become bankrupt, or that the plaintiff in error has not already been compensated for outlays expended on said premises by the rent and use of the same. *Collier v. Coats*, 17 *Barb.*, 471, *and cases cited*; *Parkhurst v. Van Courtlandt*, 1 *N. Y. Ch. R.*, 284.

5. Contracts made void by the statute, render all proceedings under the same void and in all respects a nullity. *Brandeis v. Newstadt*, 13 *Wisc.*, 146; 12 *John.*, [*N. Y.*,] 274; *Gorsuth v. Butterfield*, 2 *Wis.*, 237; *Collier v. Coats*, 17 *Barb.*, 471; *McClure v. McClure*, 1 *Barr*, 378; 2 *Black*, [*Sup. Ct. U. S.*,] 589.

6. Part payment of the purchase money, under a parol contract for lands, is not sufficient to take the case out of the statute. *Brandeis v. Newstadt*, 13 *Wisc.*, 142; *Wright v. LeClaire*, 4 *Green*, [*Iowa*,] 420; *Luckett v. Williams*, 37 *Mo.*, 338.

7. Part performance, payments, making lasting and valuable improvements, and possession under verbal contract for conveyance of lands, will not take the case out of the statute of frauds. *McKowan v. McDonald*, 43 *Penn.*, 441; *Postelwaite v. Freeze*, 7 *Casey*, 474; *MacKubin v. Clarkson*, 5 *Minn.*, 247; *King v. Brown*, 2 *Hill*, 485; *Watson v. Watson*, 1 *Hous.*, [*Del. R.*,] 209; 26 *U. S. Dig.*, 239; *Smith v. McVay*, 3 *Stock.*, [*N. J.*,] 239; *Smith v. Pierce*, 2 *John.*, 221; 1 *John. Ch.*, 284–5; *Hill v. Myers*, 43 *Penn.*, 170.

8. The equities in this case are all on the side of the defendant in error. The petition of the plaintiff in error does not set up mistake, or fraud, or that the estate of the deceased is or is about to become bankrupt; or that plaintiff in error has not already received his outlays by the use and rent of the premises; or that plaintiff in error

has made such improvements and performed such condi-
tions of said contract that plaintiff in error could not be
*compensated in damages* therefor.

We admit that the chancery courts of England compel
specific performance of verbal contracts for conveyance
of lands when clearly within the rule above stated; and
the rule is much more rigidly enforced in England than
in the United States. Courts here only set aside the
statute of frauds and compel specific performance when
there is *no other remedy* for the plaintiff.

In Wisconsin and New York and three other states,
[*see opinion of Chief Justice* DIXON, 13 *Wisc.*, 146,] where
this question has been often before the courts and adjudi-
cated upon, the statute of frauds is not like ours, but has
engrafted into it an *especial* provision by virtue of which
it is enacted: "That part performance of a parol contract
for the conveyance of lands will take the case out of the
statute," which provision undoubtedly explains the deci-
sions in those states, setting aside the statute of frauds in
certain cases.

*By the Court*, KINGMAN, C. J.

The plaintiff in error filed his petition seeking the
specific performance of a verbal agreement for the con-
veyance of a certain tract of one hundred and sixty acres
of land in Miami county. To this petition a demurrer
was interposed, alleging as cause of demurrer, that the
facts stated in the petition were not sufficient to constitute
a cause of action. The demurrer was sustained, from
which ruling the plaintiff brings the case to this court for
review. In the present state of the case the statements
made in the petition are taken as true; and in brief show,

that there was a parol gift of the land to the plaintiff from his father, who bought the land for plaintiff in October, 1867, and agreed, in parol, to make his son, the plaintiff, a deed therefor, upon certain conditions, which have been performed by plaintiff. That the cost of the land was to be taken as an advancement to the son out of the father's estate. That the father who died on the 15th day of May, 1869, at his home in Ohio, agreed to visit his son in Miami county, in the summer of 1869, and if the conditions of the agreement were performed, then he would make him a deed for the land. That in pursuance of this verbal gift and agreement, the plaintiff took open and exclusive possession of said land and has occupied it ever since. That it was done with the knowledge and approbation of his father. That taxes and other liens were paid by the plaintiff, and lasting and valuable improvements made by him on said land with direct reference to, and in strict compliance with, the alleged gift and agreement with his father, and in the full expectation of the making of said deed. That said improvements consisted of buildings, fences, breaking land, setting out fruit and ornamental trees, etc., amounting, in all, to the sum of twenty-five hundred dollars. That the father died, having made a will dated June 4th, 1867, by which, among other things, he directed his real estate to be sold, his debts and certain legacies paid and secured, and the residue divided among his three children equally, but the share of plaintiff was to be invested in land in the name of his children and heirs, reserving to the plaintiff the use of said land during his natural life, or so long as he should keep taxes and liens thereon paid up. That the defendant, William Galbraith, was appointed executor of said will. That the same had been regularly admitted to probate in Seneca county, Ohio, and William Galbraith

had duly qualified as executor and was now threatening to sell the land occupied by plaintiff.

Do these facts make such a case as entitles the plaintiff to the relief he asks? are they sufficient evidence of a parol agreement for the purchase of lands and such part performance thereof as takes the case out of the statute of frauds, and authorizes a decree for a specific performance? In determining this question we feel bound to consider the principles applicable thereto, as settled by a long course of decisions, which have become rules of property, which we do not feel at liberty to disturb.

<span style="font-size:small">STAT. OF FRAUDS :<br>Parol Agree-<br>ment to convey<br>Lands.</span>

It has been often remarked that it was to be regretted that any exceptions should have been made, by judicial construction, to the operation of the statute of frauds, as tending in the case of many, if not all of those exceptions, to let in the very mischief which the statute was designed to guard against. Whether such views are well founded may be questionable, but that many enlightened jurists have expressed doubts on this point, is true. Yet, at the same time, they have not felt free to disregard the long series of decisions by which certain acts have been held to constitute such part performance of a verbal contract for the sale of land as would authorize a court of equity to interpose or compel a specific performance. We must consider that the legislature of this state, in adopting the statute, adopted with it a construction sanctioned by long usage, and the highest judicial endorsements.

It will be observed that our statute of frauds, following in this particular the English statute, does not make a verbal sale of land illegal or void. Such a sale is not, in any sense, against good morals or public policy; nor is it made so by our statute, which only declares that no

action shall be brought on such contract. It may be good if the parties choose to make it so. It is binding only upon the conscience and cannot be enforced by the courts, as a contract of and by itself. The courts interfere upon the ground that it would be a fraud to permit a parol agreement to be partly executed " by leading a party to expend money in the melioration of the estate and then to withdraw from the performance of the contract." [Chancellor KENT in *Parkhurst v. Van Courtlandt*, 1 *John. Ch.*, 284.] Nor will any act or series of acts be deemed part performance, authorizing a decree for a specific execution of a verbal contract for the sale of land, which does not put the party into a situation which is a fraud, hardship, or deceit upon him unless the contract is performed. 9 *N. H.*, 386; 14 *Ill.*, 42.

It seems, also, that courts interfere in such cases, not on the ground of the breach of the verbal contract, but because of the acts done under it on the faith of its terms; and which it would be bad faith in the vender not to carry out by executing the conveyance. Not, that there is proof of the existence of the parol agreement, though that is necessary to be established, but that there is fraud in resisting the completion of the agreement, partly performed by one party in pursuance of the agreement. *Phillips v. Thompson*, 1 *John. Ch.*, 131.

Having thus stated, briefly and imperfectly, the grounds upon which a court acts in such cases, we will inquire under what circumstances a court will grant relief, so far as such inquiry may be necessary in this case.

It seems to be almost universally held that the delivery of possession, and the making of valuable improvements will be such part performance as will entitle the vender to specific execution of the contract.

Whilst there is some diversity of views as to whether

the mere letting into possession alone, or possession and payment of the consideration money, in whole or in part, or some other acts, will constitute such part performance, there seems to be none where the possession is taken under the contract, in pursuance thereof, and continued, accompanied by lasting and valuable improvements of the premises. The circumstances are almost uniformly held sufficient to warrant relief.

It will be remembered that in some of the states such contracts are declared void by statute, and at the same time the courts are authorized to carry out the contracts where there has been a part performance. 13 *Wisc.*, 141.

Such a statute necessarily makes a difference in the decisions, when the object is any other kind of relief than that of specific performance. So in some of the states, as Maine [24 *Maine*, 42] and Massachusetts, [11 *Pick.*, 439,] the courts, by statute, have no jurisdiction of such cases, and cannot decree a specific performance of an oral agreement for the sale of land, under any circumstances. But when a statute similar to that of this State prevails, the current of authorities is too uniform to be disregarded.

This case comes clearly within the course of decisions we have indicated. The land cost but two thousand dollars, of which eighteen hundred and fourteen have been paid. The improvements made by the plaintiff are of the value of twenty-five hundred dollars; all made under and in pursuance of the agreement by and under which possession was taken and held. The improvements were specially induced by the agreement.

GIFT OF REAL Estate.

So far, we have considered the case as one arising out of pure contract as between strangers, because the petition alleges a direct and positive contract, but if it be considered as a gift without consid-

eration, the conclusion will not be changed. The funda-
mental principle upon which courts obtain jurisdiction
remains the same. It would as much be a hardship and
fraud on the donee, to be put in possession, to be induced
to make large improvements for the melioration of the
estate, and then for the donor to refuse to execute the
gift, as it would be in the case of a purchaser. It is
true, that where the family relation is such as in this case,
there may be an inference that there was no gift.

But the statement in the petition on this point is posi-
tive; and it seems to us that if a sale should be held
good under such circumstances, the rule applies with
more force as to a gift. The natural love and affection
from whence the gift had its origin might well be relied
on with more confidence by a donee than would the bare
word of a stranger in case of a purchase. It is admitted,
however, that on this point the decisions have not been
as uniform and harmonious as in the case of a purchase
for a valuable consideration, though the general current
of authorities, as well as the reasons given, apply equally
as well to a gift, as to a purchase. The same rule holds
in the one as in the other. The possession and improve-
ments must be under the gift and induced by it, or made
in consequence of it. The very numerous decisions on
these points, both in this country and England, are refer-
red to in the notes to the case of Lester v. Foxcroft, [1
Lead. Cas. Eq., 719,] which, so far as we have the means
of verifying, are very accurate.

The principles stated show that the petition herein
brings the plaintiff's case fairly within the class of
cases entitled to relief by a decree of a specific perform-
ance.

TESTIMONY: MUST be Clear. It will be remembered that we are passing upon
the question, as raised by the demurrer. If

put in issue, the facts will have to be plainly made out by the testimony.

The agreement or gift must be shown by the testimony clearly, and the various acts constituting the part performance must be shown as referring to and resulting from the agreement or gift; and such as the party would not have done unless on account of that very agreement and with a direct view to its performance.

The judgment must be reversed and the cause remanded for further proceedings consistent with this opinion.

All the justices concurring.