The opinion of the court was delivered by
Brewer, J.:
This was an action of ejectment tried in the district court of Crawford county. The plaintiffs in error, *334 defendants below, filed an answer containing two defenses, one a general denial, and the , other alleging that they were the equitable owners of a portion of the land, and asking a decree for title. To this last defense a demurrer was sustained, and of this ruling the plaintiffs in error complain. No brief has been filed by counsel for defendant in error, and we are not advised upon what point the learned court sustained the demurrer. It seems to us that this answer discloses an equitable title, and that the demurrer should have been overruled; It alleges that one John S. Harryman was the original owner, that he made a verbal contract for the sale of the land to one James Koone, for $300, of which sum $100 was to be paid down, and for the balance Koone was to give his note at one year’s time; that Koone paid the $100, and gave his note for the balance; that by the contract he was to have and did take immediate possession, and made lasting and valuable improvements; that thereafter said Koone sold said land to these defendants, they, among other things, agreeing to pay the remaining $200 and interest due on Koone’s note to Harryman; that Harryman agreed to take them as payors of said note; that they entered into possession, and have made valuable and lasting improvements; that they tendered the money due on the contract to Harryman, but he refused to make them a deed; that plaintiffs had full knowlédge of all these facts, and bought with full notice of defendants’ rights and interests in the premises, and combined with said Harryman for the purpose of fraudulently depriving these defendants of said land. These facts seem to us sufficient to entitle them to a decree. The plaintiffs, purchasing with notice, are in no better position than Harryman. There is disclosed a parol contract, accompanied by part payment and delivery of possession, and followed by the making of lasting and valuable improvements. (Edwards v. Fry, 9 Kas., 417; Galbraith v. Galbraith, 5 Kas., 402.)
The judgment of the district court will be reversed, and the case remanded with instructions to overrule the demurrer.
All the Justices concurring.