69 29
126 284

## McFerran v. McFerran et al.

PARTITION.—*Contract for Conveyance of Real Estate.—Specific Performance. —Pleading.*—Where, in an action for partition of real estate, the answer and cross complaint of the defendants aver facts which show them to be entitled to a specific performance of a prior contract for the conveyance to them by the plaintiff of said real estate, but no affirmative relief is demanded by the defendants, such answer and cross complaint are sufficient to defeat the plaintiff's right to partition.

SAME.—*New Trial as Matter of Right.*—A new trial will not be granted as a matter of right under the statute, in an action for partition, where the answer and cross complaint filed therein are in the nature of an action for specific performance.

PRACTICE.—*Motion for Judgment Non Obstante.*—A motion for judgment notwithstanding the verdict can only prevail where a party is entitled to a judgment on the pleadings.

SAME.—*Supreme Court.—Admission of Evidence.—Exception.*—Where the

McFerran *v.* McFerran *et al.*

admission of evidence is not excepted to, no question can be raised thereon in the Supreme Court.

SAME.— *Weight of Evidence.*—The Supreme Court will not disturb a verdict upon the mere weight of conflicting evidence.

SAME.— *Waiver.*—The Supreme Court will not decide any question not argued by counsel.

From the Shelby Circuit Court.

*O. J. Glessner* and *J. T. Hockman,* for appellant.

*B. F. Love,* for appellees.

SCOTT, J.—Proceedings for partition. The complaint is in the usual form and alleges that the appellant and the appellee William P. McFerran are the owners in fee as tenants in common and are each entitled to one-half of the land described in the complaint, and prays for partition accordingly.

It was shown to the court that William was a minor, and B. F. Love, Esq., was appointed guardian *ad litem* for him.

The appellee Mary filed a petition in which she asked to be made a party. The court granted her petition, and she was made a party defendant. She then filed her answer, in substance, as follows :

That she is the widow of Lewis McFerran, and the mother of William P. McFerran, her codefendant; that, in the lifetime of her husband, the plaintiff, Thomas McFerran, in making advancements among his children, placed her husband in possession of the lands mentioned in the complaint, and gave the same to her said husband as an advancement out of his said estate ; that she and her husband labored on said farm in making improvements of a valuable and lasting character, in accordance with the contract between the plaintiff, Thomas McFerran, and his son, her husband ; that her husband afterward departed this life ; that the plaintiff conveyed the lands to the two sons of Lewis, in fraud of her rights as the wife of Lewis ; that one of the sons, John T. McFerran, died on the 15th

day of March, 1871, leaving the appellees Mary and William as his heirs. She prayed that one-half of the land be set off to her, and for all proper relief.

The guardian *ad litem* filed a cross complaint, in which he alleged substantially the same facts, with the additional averment that, after the commencement of the suit, Mary had conveyed to said William P., by quitclaim deed, the undivided three-fourths of the land described and set out in the complaint and in his cross complaint, and that said William P. McFerran was the owner of said land except one-twelfth part thereof, and that said Mary McFerran was the owner of the residue. "Wherefore he says the plaintiff is not entitled to have partition in this suit."

There was a demurrer to each of these answers, for the want of sufficient facts to constitute an "answer" to the complaint, which was overruled and exceptions entered. The plaintiff filed a general denial to each of these answers. There was a trial by jury and verdict for the defendants. The plaintiff moved for a judgment notwithstanding the verdict, which motion was overruled. The plaintiff then moved for a new trial and filed his reasons therefor. This motion was overruled, and exception taken. Judgment upon the verdict.

The plaintiff moved for a new trial as a matter of right under the statute, and produced the receipt of the clerk of the court for all the costs which had accrued up to the time of making the motion. This motion was overruled, to which ruling the appellant excepted.

The evidence is in the record by bill of exceptions. The following is the assignment of errors in this court:

1. The court erred in overruling plaintiff's demurrer to the separate answer of Mary McFerran;

2. The court erred in overruling plaintiff's demurrer to the separate answer of William P. McFerran;

3. The court erred in overruling the plaintiff's motion for a judgment notwithstanding the verdict;

4. The court erred in overruling the plaintiff's motion for a new trial for cause;

5. The court erred in overruling plaintiff's motion in arrest of judgment;

6. The court erred in overruling plaintiff's motion for a new trial as of right under the statute.

There was no affirmative relief asked for in the answers or cross complaints, and none was given. The judgment of the court was, that the plaintiff take nothing by his suit, and that the defendants recover their costs and charges, etc.

We are of opinion that the answers were sufficient to entitle the defendants to a specific performance, if affirmative relief had been demanded, under the facts therein set forth, and were sufficient to defeat the right of the plaintiff to partition. *Galbraith* v. *Galbraith*, 5 Kan. 402.

The motion for judgment notwithstanding the verdict can only prevail where a party is entitled to a judgment on the pleadings; and, as we have decided the answers were good on demurrer, of course this motion was properly overruled.

The next proposition argued by counsel for appellant is, that the court erred in overruling the motion for a new trial for cause. The only points made are that the evidence does not sustain the verdict, and that a deed from the appellant to his son Levi was improperly allowed in evidence. The latter point was not saved by an exception, and is therefore not properly before this court.

The evidence is somewhat conflicting, but in our opinion tends to sustain the verdict, and having been passed on by a jury, whose province was to judge of the weight of the evidence of the witnesses, and also by the judge who heard the testimony, we can not say that the evidence does not sustain the verdict.

The ruling on the motion in arrest of judgment is not

argued by counsel, and, under the rules of this court, we need not decide any thing in relation thereto.

The sixth and last alleged error is the overruling of the appellant's motion for a new trial as of right under the statute. It has been held by this court that in an action for partition a new trial will not be granted as matter of right. *Harness* v. *Harness*, 49 Ind. 384.

It has been decided by this court, that, in an action to enforce the specific performance of a contract for the sale of real estate, a new trial as a matter of right under the statute ought not to be granted. *Benner* v. *Benner*, 10 Ind. 256.

It is not meant in the case referred to in 49 Ind., that, because a cause is in its origin a proceeding in partition, therefore under no state of pleading would a new trial as matter of right be allowed; for, in a proceeding for partition, there might be made by a cross complaint such a case as would fall within the provisions of the statute.

We are of the opinion that the motion for a new trial in this case was properly overruled, for the reason that the complaint was for partition, and the answer and cross complaint were, in their facts, in the nature of an action for specific performance.

The judgment is affirmed, at the costs of the appellant.