Joseph S. Bogle and Eliza J. Bogle v. S. M. Jarvis.

No. 9609.

Statute of Frauds — *oral acceptance and part performance of offer by letter to sell land on stated terms, valid contract under.* An offer by letter to sell land upon terms therein stated, orally accepted by the proposed vendee and executed by him as to part of such terms, is a valid contract of sale as against the Statute of Frauds, and entitles the vendee, if in possession, to resist ejectment brought against him by the vendor, and to show, by oral evidence, his readiness and ability to complete the purchase according to such contract, and that his failure to do so is attributable to his vendor.

Error from Butler District Court. Hon. C. W. Shinn, Judge. Opinion filed April 10, 1897. *Reversed.*

*Redden & Schumacher*, for plaintiffs in error.
*Beardsley & Gregory*, for defendant in error.

DOSTER, C. J. The defendant in error, being the owner of a mortgage upon the land of the plaintiffs in error, foreclosed the same, bought the land at the foreclosure sale, and took a sheriff's deed therefor. A portion of the judgment remained unsatisfied after the foreclosure and sale. The plaintiffs in error resided upon the land in question, and continued to do so notwithstanding the sale and deed. Negotiations for a sale by the defendant in error and repurchase by plaintiffs in error were commenced, and continued by correspondence extending over a period of more than a year. The defendant in error, claiming that the sale was not made, brought ejectment against the plaintiffs in error, who, on their side, claimed that the sale was made, and therefore resisted the ejectment suit. The principal question is one of construction of the letters forming the correspondence between the parties. The correspondence is as follows :

"KANSAS CITY, Mo., September 23, 1886.
*"Mr. Jos. S. Bogle, Leon, Butler Co., Kan.:*

"DEAR SIR — Our Mr. Knox, who was recently at your farm, has suggested that we write you relative to the farm on which you are living. We have a very excellent prospect of selling the same to a man here who talked very strongly of buying, and is to let us know in a few days, but if you want it you ought to have it as you are living on it. We will sell it to you for two thousand dollars — five hundred dollars cash and the balance on time at seven per cent. interest without commission to you. If you want this you will have to decide soon. Yours very truly,
JARVIS-CONKLIN & Co."

"LEON, BUTLER Co., KAN., September 25, 1886.
*"Messrs. Jarvis-Conklin & Co., Kansas City, Mo. :*

" DEAR SIR — Replying to your favor of the twenty-

third inst., would say that I will give you two thousand dollars for the farm I live on, provided you will deduct from the same two hundred dollars and interest, the amount you kept out of loan to pay old mortgage, and which you admitted on foreclosure trial that you owed me. I will either give you the cash or a mortgage on the farm for five years at seven per cent. for the balance. Please say in reply how you will consider this proposition. I am most certainly entitled to the two hundred dollars and interest whether I can buy the land or not.

JOSEPH BOGLE, <em>per F.</em>"

"KANSAS CITY, Mo., February 8, 1887.
"<em>Daniel Boyden, Esq., El Dorado, Kan.</em>: ·

"DEAR SIR — Inclosed we send you a deed to Joseph S. Bogle for the N. E. quarter 29–28–6 and an abstract of the title to the same. This deed and abstract is to be delivered to Mr. Bogle only upon forwarding to us a draft for $1,750, net to us. We have written Mr. Bogle that we have sent the papers to you with the above instructions and he must compensate you for your services in the matter which of course will be reasonable. You will look to him for the payment of your charges.          Yours very truly,

JARVIS-CONKLIN MORTGAGE TRUST CO."

"MARCH 3, '87.
"<em>Mr. Daniel Boyden, El Dorado, Kan.</em>:

"DEAR SIR — I am informed by Mr. H. M. Jarvis that he made arrangements with you to have the judgment in the Bogle land satisfied. We will be willing to do this, but there is no necessity to have the judgment satisfied until they come to the closing of the trade and turn over the deed. I will then ask Mr. Knowles, who is attorney in the case, to satisfy the judgment, or you can at that time show him this letter, and he will do it for you.

Very truly yours,     SAMUEL M. JARVIS, <em>Pt.</em>"

"EL DORADO, KAN., March 4, 1887.
"<em>Messrs. Jarvis-Conklin & Co.</em>:

"GENTS.—Yours of the third in regard to the Bogle matter received, and in reply would say that the un-

derstanding in that matter was this way: Mr. Bogle left two hundred dollars with me for you, to be paid upon release of judgment, and if he failed to take up the deed in forty days, the money is yours and the deed will be returned; if he pays in that time said two hundred dollars is to be applied as part payment. It is necessary to have the judgment released, as a part of the money is to be raised on another piece of land, and has to be in sight before the money will be paid on the land you are selling. You will have the two hundred dollars as security. Answer immediately.

     Yours,   D. Boyden."

         " March 5, 1887.
"*D. Boyden, Esq., El Dorado, Kan.:*

 " Dear Sir — I have your favor of the fourth inst. with reference to the J. S. Bogle land. The arrangement you mention is satisfactory, and I am willing that the judgment be satisfied. At your convenience you may show this letter to Mr. Knowles, attorney in the case, and ask him to please satisfy the judgment.

  Very respectfully,  Samuel Jarvis, *Pres.*"

   " Kansas City, Mo., December 3, 1887.
"*Mr. Joseph Bogle, Leon, Kan.:*

 " Dear Sir — We today have a letter from Mr. Boyden in reference to your land, and have written him on what terms the sale can be closed. If you have the crop this year you will have to make the payment of this year's taxes. Otherwise we shall have to have the one-third of the crop on both places. The other taxes we will close up when the sale is closed, and make warranty deed. The Scott mortgage of $30 is in this way. We understand it is held by Mr. Howe, but if he holds it, it is entirely without consideration, and he will not be able to enforce it. I will make a warranty deed to this land.

  Yours very truly, Samuel M. Jarvis, *Pt.*"

   " Kansas City, Mo., December 13, 1887.
"*Mr. J. S. Bogle, Leon, Kan.:*

 " Dear Sir — We have written you and Mr. Crosier several times in reference to closing the trade for your property. The matter has rested so long that we

are unwilling to allow it to go any further. If they are not willing to make you the loan you can pay us the money which you expected to pay on the balance of the property, and we will make you the loan at 9 per cent. straight.   Very truly yours,

SAMUEL M. JARVIS, Pt."

"KANSAS CITY, Mo., April 26, 1888.
"Mr. Joseph S. Bogle, Leon, Kan.:

" DEAR SIR — We have returned the deeds to Mr. Boyden at El Dorado and have instructed him that we would sell the farm at the price we gave you before, but that we would not be willing to pay any of the taxes for the years of 1886 and 1887, as you had occupied the land for those years, and had got what benefit there was in it.   We have also told him that we were perfectly willing to make the loan on the land without regard to the second mortgage of $30 which you speak of.   Very truly yours,

WM. F. SHELLEY, Treasurer."

It is admitted that, however variously signed these letters to Mr. Bogle and Mr. Boyden are, they were written for, and in the interest of, the defendant in error, and are attributable to him as his acts.   Evidently, the negotiation between the parties down to and including the letter of March 5, 1887, was not consummated as the parties had that far agreed ; and the question of fact, raised upon the ejectment trial, involved the reasons for its non-consummation.   The plaintiffs in error, defendants below, offered evidence in explanation of such failure to complete their contract of purchase.   They were asked as follows :

Ques.  "State to the jury if you were ready, and willing, and had the money to pay for the land as stated in the letter to Mr. Boyden?"

Q.  "Well, state to the jury why you did not pay the balance of the purchase money."

Other questions of a like kind were asked the plaintiffs in error, but, upon objection by the defendant in er-

ror, the witnesses were not allowed to explain. These rulings of the court are assigned for error, and we think correctly so. The grounds of error could have been more firmly laid had the witnesses been asked by appropriate questions, not leading in character, whether they tendered the balance of the purchase money to the plaintiff or his agent, Boyden; but it is manifest from the questions quoted, and the drift and tenor of the entire examination of plaintiffs in error, that they sought to prove themselves guiltless of failure to abide by the contract made down to March 5, 1887, and to cast the blame upon the defendant in error. It is manifest from the correspondence that the minds of the parties had met upon a repurchase by Mr. Bogle for $1,750, two hundred dollars of which was to be in cash and had been paid, a release of Mr. Jarvis's judgment, constituting a lien on the land, and a payment to him by Mr. Bogle of the balance of the purchase price within forty days after such release. Mr. Bogle was entitled to show readiness and willingness on his part to comply with the agreement thus made, and a failure or refusal to do so upon the part of Mr. Jarvis. That the omission to offer proof, in technical form, of a tender by Mr. Bogle of the balance of the purchase money, even were it required, was not the ground of objection to the testimony offered nor of the ruling of the court in its rejection, is manifest from many of the objections and from the argument of the same in this court. It is not claimed by defendant in error, in response to the assignment of errors, that the offered evidence was not that of a tender by Mr. Bogle of the balance of the purchase money, but, that the correspondence between the parties evidenced only a bare offer of sale, and could be accepted or taken advantage of only by the payment of $1,750, cash; and,

also, that to constitute a complete contract of sale,. good as against the Statute of Frauds, the acceptance of the offer of sale could be evidenced only by a writing upon Mr. Bogle's part. These contentions must be decided against the defendant in error. The letters evidence an offer in writing by Jarvis to sell,. a verbal acceptance by Bogle, and an execution by him up to the point then agreed upon, to wit, by the payment of two hundred dollars. It is not the law that the acceptance of a written offer of sale can be evidenced only by writing. The making of the offer of sale, or execution of a contract of sale, can be evidenced only by writing; but the vendee need only comply with the written terms of the vendor's offer or contract of sale. *Edwards v. Fry*, 9 Kan. 422; *Gregg v. Hamilton*, 12 id. 333; *Holcomb v. Dowell*, 15 id. 378; *Wicks v. Smith*, 18 id. 514; *Becker v. Mason*, 30 id. 701.

The case, however, can as well be viewed as one in. which an offer of purchase by Bogle was made through Boyden, his agent, in the letter of March 4, and an acceptance thereof by Jarvis in his letter of March 5. This would satisfy the literal terms of the law as the defendant in error views it.

Other questions, upon the instructions of the court, its refusal to instruct as requested by plaintiffs in error, and its refusal to submit certain questions to the jury, are raised and discussed in the briefs and oral arguments, but they are all appendant to the main question which has been disposed of, and therefore need not be noticed. For the error of the court in rejecting the evidence offered by the plaintiffs in error, the cause is reversed and a new trial ordered.