FIDELLA BURNELL v. WILLIAM S. BRADBURY et al.

No. 13,297.   (74 Pac. 279.)

SYLLABUS BY THE COURT.

1. CONTRACT—*Conveyance—Time Not Specified.*   A contract for the conveyance of real estate in which the time of performance is optional with the grantee is not for this reason lacking in mutuality, if otherwise formal and specific.   Either party may within a reasonable time perform or tender performance and thereupon a right of action will accrue against the defaulting party.

2. ——— *Want of Mutuality Not a Defense.*   The want of mutuality is not a defense to an action for specific performance, where the party seeking the relief has fully fulfilled all the conditions of the contract.

3. ——— *Limitation of Action.*   The statute of limitations will not commence to run against a cause of action on an executory contract to enforce specific performance while the grantor is receiving from the grantee payments on the contract as part performance thereof.

4. ——— *Statute of Frauds—Possession and Improvements.*   The statute of frauds will not defeat an action to enforce specific performance of an oral contract to convey real estate where the grantee, with the knowledge and consent of the grantor, went into the actual and exclusive possession of the land under the contract and made permanent improvements thereon exceeding in value the contract price of the land.

Error from Clay district court; SAM KIMBLE, judge.
Opinion filed November 7, 1903.   Reversed.

*Coleman & Williams*, for plaintiff in error.

*Harkness & Davis*, and *John E. Hessin*, for defend-
ants in error.

The opinion of the court was delivered by

GREENE, J. :  This was an action by plaintiff in error
to enforce the specific performance of an oral contract
to convey real estate.   The essential allegations of the
petition, after describing the land, the mutual agree-
ment of the parties to purchase and sell, and the con-
sideration to be paid, were in substance as follows :
It was agreed that the land should be conveyed to the
plaintiff at such time as she should pay the purchase-
price ; that in lieu of interest on the purchase-price
during the pendency of the contract the defendant,
Wm. S. Bradbury, should have the right to cut and
use all grass grown on certain lands of plaintiff, which
lands were marked out and put in possession of de-
fendant ;  that defendant had retained possession of
said tract of land and cut and removed the grass
therefrom in pursuance of such contract up to and
including the year in which this action was com-
menced ; that plaintiff, relying upon the promises
and agreement of the defendant to convey the prem-
ises to her upon fulfilling her part of the contract,
with his knowledge and consent, took immediate and
exclusive possession thereof; and, for the purpose of
adapting the same to her own use, made lasting and
permanent improvements and additions thereto ex-
ceeding in value the purchase-price ; that ever since
such time she has been in the exclusive possession,

with the knowledge and consent of the defendant; that subsequently to the making of the contract Wm. S. Bradbury and Nellie Bradbury were married, and were husband and wife at the time this action was commenced.; that on the 11th day of December, 1901, in pursuance of said contract, the plaintiff tendered to defendant $250, the purchase-price, and presented a deed already prepared, and demanded that he execute and deliver the deed to her for said premises, which was refused.

To this petition the defendants separately demurred. These demurrers were sustained and judgment rendered upon the pleadings for the defendants, from which judgment the plaintiff prosecutes error.

It is contended that the contract pleaded was not reciprocal, inasmuch as it was optional with plaintiff when she should complete her part of the contract by making payment; that therefore the defendant could not terminate the contract by tendering a deed and demanding payment. This contention cannot be sustained. The contract made it obligatory upon the plaintiff to perform its conditions within a reasonable time, and upon a full compliance therewith within a reasonable time she could compel the defendant to execute a deed. The same rights and privileges were equally open to the defendant.

Another sufficient answer to this contention is that the principle of mutuality has no application to the facts set out in the petition. It appears that the plaintiff had fully performed her part of the contract. There was nothing left for her to do. It is well settled that where a contract has been fully performed by one party, want of mutuality cannot be set up by the other as a defense to an action for specific performance. There is no room for the party in default to

say that he could not enforce performance for want of mutuality. There is nothing left to be done by any one but himself. The want of mutuality has no application in an action for specific performance, where it is shown that the party seeking relief has fully performed all of the conditions of the contract. (2 Beach, Cont. § 889; *Newell's Appeal*, 100 Pa. St. 513; *Bigler v. Baker*, 40 Neb. 325, 88 N. W. 1026, 24 L. R. A. 255; *Grove v. Hodges*, 55 Pa. St. 504; *Lindsey v. Warnock*, 93 Ga. 619, 21 S. E. 127.)

It is contended that, as no time was fixed by the contract within which the plaintiff was compelled to tender the consideration, she was required to do so within a reasonable time, which in no event could extend beyond the period of the statute of limitations, and that plaintiff's right of action for specific performance was barred by the statute of limitations. The petition shows that during the time the defendant was in the possession of certain lands belonging to the plaintiff, from which it was agreed that he might cut the grass annually in lieu of interest on the purchase-price; that he cut the grass annually from the time of making the contract up to and including the year the plaintiff made her tender and demanded the deed. The statute of limitations will not begin to run on an executory contract in favor of a party so long as that party is accepting payment as part performance under, and in recognition of the existence and validity of, the contract. One may not accept annual payments as part consideration in performance of an executory contract and while so doing insist that the statute of limitations is running against the right of the party thus performing.

It is contended that because the contract was oral and for the sale of real estate it is not enforceable because

of the statute of frauds, which requires all such contracts to be in writing and signed by the party to be bound. The petition alleges that immediately upon the making of the contract plaintiff entered into the actual and exclusive possession of the property and held it until the beginning of this action, and by virtue of her possession and claim of ownership under the contract she made lasting and permanent improvements thereof, exceeding in value the purchase-price of the land, with the knowledge and consent of the defendant. The purpose of this statute is not to assist in the perpetration of frauds, but to prevent frauds. If the plaintiff, with the knowledge and consent of the defendant, went into possession of the land under her contract, making permanent improvements thereon of great value, under the belief that the land belonged to her, and was induced so to believe by defendant, equity will estop him to plead the statute of frauds in avoidance of specific performance. To permit such defense would be to allow him to use the statute to defraud the plaintiff. If the defendant can avoid compliance with his contract and get possession of the land with its enhanced value by reason of the improvements, he would be getting something for nothing, and thus defraud the plaintiff. Courts of equity will not, when they can prevent it, allow a party to be benefited by his own fraud. Under the facts stated in the petition, the defendant is equitably estopped from pleading the statute to avoid performance of his contract. (*Galbraith v. Galbraith*, 5 Kan. 402 ; *Edwards v. Fry*, 9 id. 417 ; *Newkirk v. Marshall*, 35 id. 77, 10 Pac. 571 ; *Greenlees v. Roche*, 48 id. 503, 29 Pac. 590 ; *Holcomb v. Dowell*, 15 id. 378 ; *Bogle v. Jarvis*, 58 id. 76, 48 Pac. 558 ; *Schwindt v. Schwindt*, 61 id. 377, 59 Pac. 647 ; *Gilmore v. Asbury*, 64 id. 383, 67 Pac. 864.)

It is finally contended that the demurrer filed by Mrs. Bradbury was properly sustained because she was not a party to the contract, and nowise bound by its conditions. She was the wife of Wm. S. Bradbury ; as such she had an interest in any real estate owned by him, and was a necessary party in an action for specific performance, in order that her interest might be adjudicated and determined. Her interest in this tract of land attached subsequently to the making of the contract by her husband, and must have been taken in recognition of that obligation and whatever encumbrance such contract placed upon the land.

The petition stated a cause of action. The judgment is reversed and the cause remanded.

All the Justices concurring.