## Levi Lapham *vs.* Cullen Whipple.

Where A., by a written instrument, conveys property to B., in consideration of a certain sum paid therefor, evidence is admissible, in an action by B. against A. to recover back the sum so paid, that A., at the time of the conveyance, made an oral agreement with him to repay said sum on the happening of a certain event.

A., on the sale to B. of a share in a patent right for a certain sum paid therefor by B., made an oral agreement with B. to repay him said sum, if he should not, within three years, realize said sum out of the profits arising from said share. *Held,* that this agreement was within the statute of frauds, as it was not to be performed within one year from the making thereof.

Assumpsit to recover $1000 and interest, on the agreement hereinafter mentioned. At the trial in the court of common pleas, it was proved or admitted, that the defendant, on the 5th of April 1837, by a written instrument, conveyed to the plaintiff, for the consideration of $1000, " one half part of the benefits and advantages " of a certain patent right then owned by the defendant. The plaintiff then offered parol evidence tending to show, that when said conveyance was made, he paid $1000 to the defendant, and that the defendant then, in con-sideration that the plaintiff would pay him said sum and receive said conveyance, agreed with the plaintiff and promised him, that " if the plaintiff did not, within three years from said 5th of April, realize the sum of $1000 out of the profits arising from the share of the patent right so conveyed to him, the defendant would repay that sum to the plaintiff, with interest."

The defendant objected to the admission of this evidence, 1st, because it would affect and control a written contract; and 2d, because, if such agreement as the defendant offered to prove, should be proved, it would be void by the statute of frauds, as it was not to be performed within one year from the making thereof. But the evidence was admitted, and a verdict was returned for the plaintiff; whereupon exceptions were alleged by the defendant.

*Barton & Chapin,* for the defendant, as to the first objection to the admission of the evidence, cited *Munroe* v. *Perkins,* 9 Pick. 303. *Jackson* v. *Pierce,* 2 Johns. 223. *Fenton* v

*Emblers,* 1 W. Bl. 353.  *Boyd* v. *Stone,* 11 Mass. 348.  As to the second objection, they cited Chit. Con. (5th Amer. ed.) 67, 69. *Boydell* v. *Drummond,* 11 East, 155.  *Anon.* 1 Salk. 280. *Shute* v. *Dorr,* 5 Wend. 206.  *Peter* v. *Compton,* Skin. 353. *Holbrook* v. *Armstrong,* 1 Fairf. 31.  *Blake* v. *Cole,* 22 Pick. 100.  *Kent* v. *Kent,* 18 Pick. 571.  1 Comyn on Con. (1st ed.) 87.  *Drummond* v. *Burrell,* 13 Wend. 307.

*Washburn,* for the plaintiff.  The parol evidence did not con trol the written agreement, but showed a new and separate agreement, and was therefore admissible.  *Brigham* v. *Rogers,* 17 Mass. 573.  *Seago* v. *Deane,* 4 Bing. 459, and 1 Moore & Payne, 227.  *Field* v. *Biddle,* 2 Dall. 171.  Roscoe on Ev. 9. 3 Stark. Ev. 1002, *note* (*s.*) 1006.  *Cummings* v. *Arnold,* 3 Met. 486.  This new agreement was not " necessarily incapable of performance within a year," and therefore was not within the statute of frauds.  *Artcher* v. *Zeh,* 5 Hill, 200.  *Linscott* v. *McIntire,* 3 Shepley, 201.  *Donellan* v. *Read,* 3 Barn. & Adolph. 899.  *Russell* v. *Slade,* 12 Connect. 455.  *Stone* v *Dennison,* 13 Pick. 4.

WILDE, J.  This case turns on the construction of the contract on which the plaintiff's claim is founded, which raises the question, whether it is not within the fifth clause of the first section of the statute of frauds, Rev. Sts. *c.* 74, which provides that no action shall be brought upon any agreement that is not to be performed within one year from the making thereof, unless the agreement, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized.

It is objected by the defendant's counsel, that the parol evidence is inadmissible to prove the agreement alleged in the declaration, as it had a tendency to affect and control the written contract of sale therein referred to.  But we think this objection is not well founded.  We consider the contract of sale as an executed contract by the payment of the purchase money.  And even if the verbal agreement were the consideration of the written contract, it was not required to be expressed

in writing, but may be proved, by virtue of the Rev. Sts. *c.* 74, § 2, by any other legal evidence. The parol agreement is a separate contract, and may undoubtedly be proved by oral testimony.

The only question to be considered is, therefore, whether the agreement of the parties is within the statute of frauds; and that question depends, as before remarked, on the construction of the agreement. It has been long settled that the said fifth clause of the first section of the statute has no reference to promises which may probably not be performed within a year, however strong the probability may be. It extends only to agreements, which by the express stipulations of the parties are not to be performed within a year: As an agreement or promise to pay a sum of money on the arrival of a ship; or on a party's marriage; or to leave a sum of money by will; or to pay to a party an annuity; or any other promise depending on a contingency, which by any possibility may be performed within a year from the making thereof. In all such cases the statute does not require the agreement to be in writing. 2 Stephens Nisi Prius, 1976 – 1978. *Roberts* v. *Rockbottom Co.* 7 Met. 46. In the present case, the defendant's promise was to repay the plaintiff $1000, which he had paid the defendant for the purchase of a share in a certain patent right, if the plaintiff did not, within three years from the date of the conveyance, realize the sum of $1000 out of the profits arising from the share of said patent right so conveyed to him.

The plaintiff's counsel contends that this agreement might have been performed within a year, as the plaintiff might have realized the sum of $1000, within that time, from his share of the patent right, and that this would have been a performance, within the meaning of the contract. But we are of opinion that the true meaning of the contract is, that the plaintiff should have the whole term of three years, to ascertain what profits could be made from his share of the patent right; and that the performance of the contract was to be deferred until the expiration of that time. If then the plaintiff had realized, within the first year, $1000 profits, which had been reduced below that sum

during the two following years, the defendant would be liable for the non-performance of the contract. The realizing of the $1000 from the profits was the contingency on which the defendant might be discharged from his liability; but the payment of the money was to be the performance of the contract. And it is clear that the defendant would not be liable to an action for the non-performance, until the expiration of the three years. To support the action, the plaintiff must prove the contract; and the object of this clause of the statute was to prevent the proof of verbal agreements, when from the lapse of time the witnesses might not recollect the precise terms of the agreement. We think therefore that the defendant's contract, by the terms of it, was not to be performed within a year from the time it was made, and is within the true meaning of the statute.

*Verdict set aside, and a new trial granted.*