IN THE

# SUPREME COURT

OF THE

## STATE OF KANSAS.

DURING THE TERM COMMENCING JANUARY, 1870.

---

ROYAL WISWELL v. ERASTUS TEFFT, *et al.*

*Error from Shawnee County.*

1. REAL PROPERTY: ACTION ON CONTRACT.—In order to maintain an action for the specific performance of a contract to convey certain lots, it is necessary that such contract be proved.
2. ID: WRITTEN CONTRACT.—When the statute of frauds, requiring that all contracts concerning the sale of real estate be in writing, is relied on as a defense to the action, and when there are no circumstances tending to take the case out of the statute, the contract must be in writing.
3. GENERAL DENIAL: STATUTE FRAUDS.—The statute of frauds may be relied on as a defense as well under a general denial as under any other answer.
4. TOWN SHARES: DRAWINGS.—Proof that the plaintiff became a member of an association of persons and purchased a share therein, when neither said membership nor said share represented or referred to any particular or specific property, is not sufficient proof of such a contract.
5. ID: LOTS.—Parol proof that said lots were subsequently drawn and set apart to said share, but without showing upon what conditions or for what consideration, or that the holder of the share agreed thereto, or that the drawing was in writing, is not sufficient proof of such a contract.

6. ACTION: REAL PROPERTY.—In order to maintain any suit in equity for specific property, it is necessary that the plaintiff show that he has some equitable right thereto.*

From the record in this case—very voluminous—the following, among other facts, appear:

The plaintiff in error claimed to hold certain lots in the city of Topeka, under Henry B. Burgess, one of the original drawees of shares of the town company. Burgess held by virtue of a contract, providing that "for and in consideration of the covenants hereinafter mentioned, the Topeka association agree to sell, and do hereby sell to Henry B. Burgess, share No. 29 of the Topeka association, and lots of land drawn and to be drawn thereto; and on the performance of the covenants hereinafter mentioned to be performed by said Burgess, said association agree and hereby bind themselves to execute and deliver to said Burgess, his heirs or assigns, a good and sufficient deed of conveyance to said share No. 29, and the lots of land now drawn and hereafter to be drawn thereto. And the said Burgess, in consideration of the covenants aforesaid, agrees to aid and assist, by his influence and by his labor, in the building up a town now located on float No. 20, and agrees to pay such tax as may be legally assessed against him for the purpose of building a bridge across the stream called Shunganunga, at said Topeka; and on the performance of said covenants by said Burgess, said association agree to issue to said Burgess a certificate of ownership thereof."

The "certificate of ownership" mentioned was duly issued by the town company.

Burgess testified that he bought the share "by becoming a settler and giving his means and influence to help build up the town," and gave these as a considera-

---

* TRUSTS.—A deed running to "The Topeka Association by Cyrus K. Holliday, its trustee party of the second part:" it seems, does not constitute Holliday an express trustee of the individuals who own town shares, but merely a trustee of the association in the aggregate.

tion; and gave his "labor in surveying and improving the town, such as paying taxes or assessments for building a bridge," etc.

The Topeka association held, by virtue of "Wyandotte Float" No. 20, issued to Isaiah Walker, "laid" upon the town site. No patent had issued for the land in question when the "drawings" of lots were made. After the issue of the patent to Walker he executed a quit claim deed to "The Topeka Association, by Cyrus K. Holliday, its trustee, party of the second part." This action was brought against said town association to enforce a conveyance of, the legal title to the lots in question, claimed to have been drawn as the lots belonging to the share of said Burgess. Other facts appear in the subjoined opinion.

*A. H. Case*, for plaintiff in error.

*Ross Burns*, for defendants in error.

*By the Court*, VALENTINE, J.

CONTRACT TO SELL Real Estate. Royal Wiswell, the plaintiff in this court and in the court below, claims solely and exclusively under one Henry B. Burgess. The action is for the specific performance of an alleged contract to convey certain lots in the city of Topeka, but as no such contract is proved, we can scarcely understand how it is expected that the plaintiff shall recover. It is true that in the year 1855 Burgess became a member of the Topeka association by purchasing share No. 29, but how that can be construed into a contract for the purchase of any *specific* real or personal property, is more than we can imagine. Even if the association had owned said lots, which they did not, at the time Burgess bought said

share, such construction could not be sustained by any logical system of reasoning. Such construction is about as reasonable as to suppose that the purchasing of a share in a railroad company would give the purchaser the right to appropriate to himself some particular locomotive or depot.

TOWN SHARES:     It is true, also, that these lots were once drawn
  Drawings.     and set apart to said share while Burgess
owned the share, but upon what condition, or for what consideration, or whether Burgess agreed to said drawing, we are not informed,—fatal omissions, as we suppose, on the part of a plaintiff who holds the affirmative of the issue, and upon whom devolves the burden of proving his case. If Burgess did not agree to the drawing of said lots, the drawing could not, of course, amount to a contract; and if he did agree to it, still, if the lots were drawn without consideration, or if they were drawn upon certain conditions which have not been complied with, it will hardly be contended that the plaintiff can maintain specific performance.

STATUTE OF     But said drawing is not in writing; there is
  Frauds.     no record of the same, and hence if it is a
contract at all, it is void under the statute of frauds which requires that all contracts for the sale of real estate be in writing; and by the way, the general denial of the defendants raises the question of the statute as well as any other answer could raise it. *Brown on Frauds*, § 511 *et seq.*; *Fry on Specific Performance* [2 *Am. Ed.*] 227, § 336; *Harris v. Knickerbocker*, 5 *Wend.*, 638, 643; *Cozine v. Graham*, 2 *Paige, Ch.* 177, 181; *Ontario Bank v. Root*, 3 *Paige, Ch.* 478, 481.

TRUSTS.     And aside from any such contract can it be
              claimed that these lots are held in any other
manner as a trust by any one or more of these defend-

ants for the plaintiff? No express trust in favor of the plaintiff or of Burgess is alleged, or proved, or found by the court, the only express trust shown from the beginning of the case to the end is the one created by the deed from Walker and wife to Holliday. By that deed Holliday becomes the trustee of the Topeka association in the aggregate, and not the trustee of any particular member thereof.

And what foundation is there for supposing that any implied, or constructive, or resulting trust has ever been created in favor of Burgess, or of Wiswell? Can any one fix the exact time when it was done? Was it when the government issued the patent to Walker? Was it when Walker and wife made the deed to Holliday? Nobody will suppose that the government held this property in trust for Burgess or Wiswell; nobody will suppose that such a trust could be created before the government sold the property to Walker; and there is scarcely any room to suppose that such a trust, as we are now considering, could have been created at any other time, except the time when either said patent or said deed was executed. [*Willard's Eq. Jur.*, 600, *and cases there cited; and cases cited in defendants briefs.*] If Burgess, as a member of the Topeka association, gave his assent to said patent and said deed, we presume he is bound by their terms, and he surely has no right to dissent from them, or to object to them, for he furnished none of the consideration that procured said patent or said deed.

And what other equitable rights has the plaintiff to these lots? Burgess himself testifies that in consideration for said share, he was to pay all assessments thereon, and to give his presence and influence in building up the contemplated town of Topeka; but he did not pay all said assessments, nor half of them. He paid only $3 in cash

and $10.60 in labor, total $13.60; nor has he given his presence and influence; but long before the Topeka town site was purchased from the government; long before the Topeka association obtained any legal or equitable title to these lots, or to the town site, Burgess not only abandoned the town site, but absconded from the state, then territory, a fugitive from justice, and has never returned. It will hardly be contended that his conduct in this respect, was such as to make his influence very potent in building up a town. At the time Burgess bought said share the Topeka association had but little, if any, property; they did not own a foot of land in the world; and Burgess contributed but little to increase their worldly store; the sum total, that he contributed being, cash and labor, $13.60. When their town site was opened to sale, so that it could be purchased by the association, Burgess contributed nothing; nor did he ever pay anything on these lots themselves. He never put any improvements on them, and probably never set his foot upon them, except as a trespasser upon the government of the United States.

But it is not our object to discuss his rights in general, as a member of the Topeka association, but only to discuss his rights in particular, as to the lots in controversy, and it is our opinion that he has no *such legal* or equitable right to these lots, as can be enforced in this suit; neither do we intend to express any opinion, further than we have already expressed, as to who is the owner of these lots, either legal or equitable.

The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.