## S. M. ROBERTS v. J. C. CHAMBERLAIN.

REFORMATION OF DEED; *Overruling Demurrer to Petition, Error.* A sheriff executed a sheriff's deed to M. for property belonging to E. This deed was in some respects irregular; but it does not appear that the sheriff refused to execute another or different deed, or that M. was not satisfied with the deed which he received. Afterward M. executed a quitclaim deed for the property to L.; and afterward L. executed a quitclaim deed for the same property to C., and C. afterward commenced an action in *equity against the sheriff and M. and L., for the purpose of* having the deed corrected and reformed. E. was not made a party to the action. The sheriff demurred to the plaintiff's petition, upon the grounds: (1) that there was a defect of parties defendant; (2) that the petition did not state facts sufficient to constitute a cause of action; and the court overruled the demurrer. *Held,* Error; that the demurrer should have been sustained upon both grounds.

*Error from Kingman District Court.*

ACTION by *Chamberlain* against *Roberts* and others, to reform a sheriff's deed. At the April Term, 1883, the court

overruled the demurrer of the defendant *Roberts* to plaintiff's petition. This ruling he brings here for review. The facts are stated in the opinion.

*Gillett & Raymond,* for plaintiff in error.

*D. R. Kinsey,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced by J. C. Chamberlain against S. M. Roberts, E. L. Myers and Jacob Lines, to correct or reform a sheriff's deed. The defendant Roberts demurred to the plaintiff's petition upon the following grounds: "1, That there is a defect of parties defendant; 2, that the petition does not state facts sufficient to constitute a cause of action."

It appears from the petition of the plaintiff below that a judgment was rendered in the district court of Kingman county, Kansas, in favor of the Reno county bank and against Hannah Egan, for the sum of $303.44; that an order of sale was issued on such judgment; that under said order of sale the defendant Roberts, as sheriff of Kingman county, sold certain property in North Kingman in that county to E. L. Myers; that this sale was confirmed by the court and the sheriff ordered to execute a sheriff's deed for the property to the purchaser thereof; that the sheriff executed said deed for such land to the purchaser, but that he made certain mistakes therein; that afterward the purchaser, E. L. Myers, executed a quitclaim deed for the property to Jacob Lines; and that afterward Jacob Lines executed a quitclaim deed for the property to the plaintiff below, J. C. Chamberlain. The plaintiff below is not in the possession of the property, but who is in possession thereof is not stated. Now if the sheriff's deed is void, then the legal title to the property still remains in Hannah Egan; but if the deed is not void, then the title to the property is in the plaintiff, Chamberlain. It would therefore seem that the real parties in interest are the plaintiff, Chamberlain, and Hannah Egan.

But Hannah Egan is not made a party to the action. It would therefore seem that there is a defect of parties, and as Chamberlain has made himself plaintiff it would seem that there is a defect of parties defendant. We think this necessarily and conclusively follows from the allegations of the plaintiff's petition, and therefore that the demurrer of the defendant Roberts should have been sustained.

We would also think that the demurrer should have been sustained upon the ground that the petition did not state any cause of action as against Roberts. It does not appear that Roberts ever had any interest in the property in controversy, or that he ever claimed to have any such interest. He simply acted as sheriff in selling the property and in executing the sheriff's deed, and probably he was willing to execute just such a deed as the purchaser desired. There is nothing appearing in the petition that shows the contrary; and there is nothing appearing therein that tends to show that Myers was ignorant of the defects in the deed, or that he was not perfectly satisfied with the deed which he received. If any cause of action existed in favor of any person against Roberts on account of the defective form of such sheriff's deed, then such cause of action must have accrued at the time when the deed was executed; and such cause of action probably was either a cause of action for damages, or a cause of action for mandamus to compel the sheriff to execute a proper deed. But suppose the cause of action might not only have been those that we have mentioned, but also something else: then is such cause of action, whatever it might have been, such a cause of action as will run with the land, notwithstanding the fact that the plaintiff and the plaintiff's immediate grantor never had any claim or title to the land, except such as they had under quitclaim deeds? It is not necessary to answer this question; for whatever might be the plaintiff's cause of action, if he has any, we do not think that it is a cause of action in equity against Roberts for a reformation or correction of the sheriff's deed previously executed to Myers and seemingly satisfactory to Myers.

Neither shall we express any opinion as to whether the sheriff's deed is void, or not; or whether it conveyed any title, or not; and whether valid or void, we shall not express any opinion as to whether the plaintiff has any cause of action against any other person than Roberts, or not. If it is void, a serious question must arise as to how the plaintiff has obtained any right with reference to the property, or against any person, under mere quitclaim deeds. And if it is valid, then the question, equally serious, will arise as to why the plaintiff should have a cause of action to enforce corrections or changes to be made with reference to the sheriff's deed, when it is already sufficient. There is no pretense that the deed misdescribes the property, and no allegation that any person keeps the plaintiff out of the possession of the property. But under any view of the case, we do not think that the plaintiff has stated any cause of action against the defendant Roberts.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.