O. L. THISLER AND JAMES SPILMAN v. W. H. MACKEY,
JR., AND HENRY STAATZ.

No. 129.

STATUTE OF FRAUDS — *contract concerning personalty within,
partial performance does not validate.*  A contract concern-
ing personal property, not in writing, which does not admit of a
possible performance within one year, is void under the Statute of
Frauds and Perjuries, notwithstanding there may have been a par-
tial performance thereof.

Error from Geary District Court. Hon. James
Humphrey, Judge. Opinion filed December 5, 1896.
*Reversed.*

This was an action brought by the plaintiff in error
on a promissory note — one of a series given in pay-
ment of a stallion purchased by the defendants in
error. In the pleadings and upon the trial the execu-
tion and delivery of the notes were admitted. The de-
fendants in error, defendants below, sought avoidance
under a parol contract. They set up that the plain-
tiffs in error had agreed, among other things, that
they might keep the stallion until he would be four
years old, and then, if they desired, the plaintiffs in
error would receive him back and return their notes
and the money they paid at the time of sale. The
sale of the stallion was made about February 23,
1891, and he would become four years old on April
15, 1892.

*Stambaugh & Hurd,* for plaintiffs in error.

*J. R. McClure,* for defendants in error.

GILKESON, P. J. All of the questions in this case
can be disposed of by answering one : Is the contract
relied upon by the defendant within the Statute of
Frauds? This we must answer in the affirmative. It

218          THISLER V. MACKEY.

N. Dept.        ·        Opinion.  Gilkeson, P. J.        5 Kan. App.

is conceded that the contract was not in writing, and was one which did not admit of possible performance within one year, and from these facts it is very clear that the defendants ought not to have succeeded. The contract was directly in conflict with the Act for the Prevention of Frauds and Perjuries, which provides :

"No action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto, by him or her lawfully authorized."   ¶ 3166, Gen. Stat. 1889.

But it is contended that it is taken out of the operation of the Statute of Frauds by partial performance. We cannot agree with counsel in this contention. We think that the doctrine that partial performance is not applicable to contracts for the sale of personal property, has been settled in this state. *Osborne v. Kimball* (41 Kan. 187).

Mr. Justice Johnston, in delivering the opinion of the court in that case, says :

"The doctrine of partial performance is not applicable to this class of contracts. It is confined only to those relating to lands, the non-execution of which would operate as a fraud upon the party who had made partial performance to such an extent that he could not be reasonably compensated in damages. It is an equitable principle frequently invoked in actions for the specific performance of parol contracts for the purchase of land, under which possession has been taken, improvements made, and where there has been payment, or partial payment of the purchase-price. The courts are slow to introduce additional exceptions or to depart further from the strict letter of the Statute of Frauds, and even in the contracts of the class mentioned full payment of the purchase-money is not a

sufficient performance to take them out of the statute. *Nay v. Mograin*, 24 Kan. 80. We have heretofore had occasion to deny the enforcement of contracts other than those relating to lands, and which were not to be performed within one year, where they had been partially performed, and we see no reason to extend the doctrine to enforce such oral contracts upon the ground of part performance." *Wolf v. Dozer*, 22 Kan. 436; *Wonsettler v. Lee*, 40 id. 367.

After distinguishing between the case at bar and the case of *Bard v. Elston*, 31 Kan. 275, which was cited by the plaintiff in that case to sustain his position, he continues :

" The contract in question had no such characteristic, and cannot be regarded as falling within any of the exceptions to the statute. It was simply an agreement that each should so fence as to protect his own premises and prevent his cattle from passing upon the premises of the other ; and under the authorities the equitable doctrine of part performance is never applied to this kind of cases, but is confined alone to contracts relating to land. *McElroy v. Ludlum*, 32 N. J. Eq. 828 ; *Brittain v. Rossier*, 18 Am. L. Reg. N. S. 716 ; *Emery v. Smith*, 46 N. H. 151 ; *Wheeler v. Frankenthal & Bro.*, 17 Ill. 124 ; *Creighton v. Sanders*, 89 id. 543.

Under the facts in this case, we think the agreement is invalid. It is a verbal agreement not to' be performed within the space of one year, and not of such a character as to fall within any of the exceptions to the Statute of Frauds.

One other question we will notice in this case : Can the Statute of Frauds be relied upon as a defense under a general denial? We think it can.

" The general denial of the defendant raises the question of the statute, as well as any other answer could raise it." *Wiswell v. Tefft*, 5 Kan. 263 ; Brown on Frauds, § 511, *et seq.;* Fry's Specific Performance, § 336 ; *Harris v. Knickerbocker*, 5 Wend. 638-643 ; *Cozine*

*v. Graham*, 2 Paige Ch. 177–181 ; *Ontario Bank v. Root*, 3 id. 478–481.

The judgment will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.