WILLIAM H. MACKEY, JR., AND HENRY STAATZ v. O. L. THISLER AND JAMES SPILLMAN.

### No. 308.

1. STATUTE OF FRAUDS—*Verbal Contract—Performance by One Party.* A verbal contract respecting personal property is not within the provisions .of the statute of frauds and perjuries if all that is to be done upon the part of one of the parties thereto is to be performed and is performed within a year from the making thereof, notwithstanding, by its provisions, performance on the other part is not to be within the year.

2. ——— *Contract not Divisible—All Parts Within.* If.an entire contract is within the statute of frauds and perjuries, every covenant, promise or obligation being part thereof is within the statute, and no action can be founded thereon.

Mackey v. Thisler.

Error from Geary district court; O. L. Moore, judge. Opinion filed June 20, 1898. Reversed.

*Stambaugh & Hurd,* for plaintiffs in error.

*J. R. McClure,* and *J. V. Humphrey,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : This case was before this court in 1896 on a petition in error from a judgment of the district court in favor of the present plaintiffs in error and against the defendants in error. (*Thisler v. Mackey,* 5 Kan. App. 217.) It is insisted now that the law of the case was settled by this court at that time. The only rule of law announced in the syllabus of that decision is, that a contract concerning personal property, not in writing, which does not admit of a possible performance within one year from the time when it was made, is void under the statute of frauds and perjuries, notwithstanding there may have been a partial performance. In the opinion the court notices the question whether the statute of frauds can be relied upon as a defense under a general denial, and answers the question in the body of the opinion in the affirmative. The case was retried, and is back again on a petition in error on a judgment in favor of the plaintiffs and against the defendants, who are now plaintiffs in error.

The questions presented for the consideration of the court by the record and briefs of counsel are entirely different from the question decided by this court as reported in *Thisler v. Mackey,* supra.

The pleadings contained in the record disclose that Thisler and Spillman brought suit against Mackey and Staatz to recover upon a promissory note. The

defendants, by their amended answer, admitted the execution and delivery of the note, but averred that it was executed and delivered as a part of the agreement thereinafter set out; they then set out the agreement, in which defendants agreed to purchase a certain stallion for a consideration of $1600, $400 of which was cash, and three notes of $400 each, payable at different dates. They allege that it was a part of the contract of purchase, and an inducement thereto, that the defendants should retain possession of the stallion until he was four years old, at which time they might return him to the plaintiffs, and, if they had kept him sound and in good condition, they could rescind the sale, deliver back the horse, and receive back the $1600, and $100 in addition thereto; that this was left to the option of the defendants; that they exercised that option, and tendered the horse back; that the plaintiffs refused to receive him, refused to surrender the notes, refused to refund the money, and refused to pay the additional $100. The amended answer contains a prayer for judgment against the plaintiffs for the amount of money paid, together with the $100, and the surrender of the unpaid notes.

The reply is a general denial, and a plea, based upon the statute of frauds, that the agreement was one that could not be performed and was not to be performed within a year of the time it was pretended to have been made. .

The answer does not disclose whether the agreement was oral or in writing. There was a trial to a jury, the burden of proof being upon the defendants. They offered their evidence in support of their answer, sustaining all of its allegations. The plaintiffs interposed a demurrer on the ground that the evi-

Mackey v. Thisler.

dence was not sufficient to constitute a defense to the plaintiff's cause of action because it did not appear that the contract was in writing ; that it appeared that it was made on the 23d day of February, 1891 ; and that the time of performance of this part of the contract was fixed for April 15, 1892, and therefore was not to be performed within a year. The demurrer was sustained, and the plaintiffs had judgment on the promissory note for the amount thereof, with interest.

It is contended that inasmuch as the contract of the defendants was wholly executed by them upon their part, and was to be executed by them upon their part within the year, the case comes within the rule formulated in 8 Am. & Eng. Encyc. of Law, 692, which is, in effect, that this statute applies only to contracts which are not to be performed on either side within a year ; that if all that is to be performed on one side is to be performed within a year, and is performed within a year, the contract is not within the statutes. This rule had its foundation apparently in the case of *Donellan v. Reed*, 3 B. & Ad. 899.

1. Part of contract to be performed within year.

This rule has not been universally accepted in this country, but it seems that it has been adopted by the greater number of the states of the union. It seems to us that our own supreme court has adopted and approved the rule in the case of *A. T. & S. F. Rld. Co. v. English*, 38 Kan. 110.

In this case the defendants had fully performed the contract upon their part. It appears from the evidence of the defendants that the contract was entire ; that part of it whereby the plaintiffs agreed to take the horse back and surrender the consideration and pay the additional $100 being the principal inducement to the defendants for their purchase.

The weight of authority in this country is in favor of this rule, and if it is allowed to prevail the court erred in sustaining the demurrer upon this ground.

In *A. T. & S. F. Rld. Co. v. English*, supra, the supreme court of this state says :

" This contract was also performed within one year upon the part of plaintiff, and the defendant cannot claim protection under the statute of frauds ; its protection extends to executory contracts, and does not apply to contracts that have been executed by one party."

And then quotes from Mr. Wood, in his treatise on the Statute of Frauds, as follows :

" In England and most of the states of this country, it is held that the statute only applies to contracts which are not to be performed by either side within a year, and therefore, where a contract has been completely performed on one side within the year, the case will not come within the statute."

Various authorities are cited in support of the proposition. To this array of authorities may be added cases from nearly all of the states in the union except Massachusetts, Vermont, Mississippi, and Ohio. In New Hampshire the rule has been both adopted and criticized. We are of the opinion that this rule obtains in the state of Kansas. (See also *Smalley v. Greene*, 52 Iowa, 241.)

If we leave out of consideration the rule in *Donellan v. Reed*, supra, the judgment of the court is equally untenable, assuming that part of the contention of plaintiffs — defendants in error — to be correct, that the contract does come within the inhibition of the statute of frauds and perjuries. If it does, then neither party can avail himself of it as a ground of action, if we assume that the contract is an entire one, and that the defendants in error are wrong in their

contention that the contract to take the horse back and refund the consideration of purchase and pay the additional $100 was an independent contract and not a part of the original contract of purchase and sale. The plaintiffs are seeking to enforce an obligation founded upon a contract which the statute says shall not afford any ground of action. The defendants set up this illegal part of the contract up as a defense. It is true they have a prayer for relief asking the enforcement of the contract. But the plaintiffs say this part of the contract is illegal—cannot be enforced ; and if one part of an entire contract remaining in executory form cannot be enforced, no part of it can. ( Brown on Statute of Frauds, 144 ; *Becker v. Mason*, 30 Kan. 679, and authorities there cited ; *Howard v. Brower*, 37 Ohio St. 407.)

The defendants in error contend, however, first, that this evidence was incompetent to go to the jury, because of the rule that parol evidence shall not be admitted to extend or vary the terms of a written contract, and that there was proof of a written contract of bargain and sale respecting the horse between the parties. This is not presented upon the record. There is nothing therein to show that the contract was in writing.

They next contend that this rule ought not to apply because that part of the contract set up by the defendants in their answer was an independent agreement and not a part of the original contract of purchase and sale ; that, therefore, the contract of purchase and sale may be enforced independently of that part relied upon by the defendants as a defense. The court had no right to assume this proposition in sustaining the demurrer to the defendant's evidence. Every intendment of the evidence fa-

2. Contract entire.

vorable to the defense must be allowed them. They should be given the benefit of every inference that the jury might reasonably draw from the facts proved. The evidence of the defendants is to the effect that the contract was an entire one ; that the part of the contract which the plaintiffs say is within the statute of frauds, was the very inducement to them to make the purchase, and that it was not contemplated by them that one part of the contract should be enforced unless the other was. The defendants were entitled to the benefit of this deduction to be drawn from the evidence. The court should have left this question, if presented at the trial, to the jury to say whether upon all the evidence of both parties that part of the contract providing that the plaintiffs should, when the horse became four years old, take it back and return the consideration with $100 additional was a contract independent of the purchase by the defendant.

For the reasons hereinbefore stated the judgment is reversed and a new trial awarded.