FRED ROBINSON V. JOSEPH LAMOUREAUX.

No. 14,098. (80 Pac. 595.)

Error from Clay district court; SAM KIMBLE, judge. Opinion filed April 8, 1905. Reversed.

*Coleman & Williams,* for plaintiff in error.
*F. P. Harkness,* and *George L. Davis,* for defendant in error.

*Per Curiam:* The defendant in error moves the court to dismiss this proceeding because the amount in controversy does not exceed $100, exclusive of costs. The amount in controversy is to be determined by the amount claimed by the plaintiff in his petition, which is $120. The motion is denied.

This was an action in conversion to recover the value of certain corn. It appears that plaintiff rented defendant's farm, his tenancy expiring March 1, 1903, and when he surrendered possession, on March 9, 1903, he left standing in the field certain Kafir-corn, of the value of $60, and field-corn on the stalk, of the value of $60. This is the property which it was claimed defendant converted. The defendant's contention was that by reason of the negligent and careless manner in which plaintiff planted and cultivated the Kafir-corn it was not worth harvesting and plaintiff had turned over to him that portion of the crop. When the defendant resumed possession of the farm he gathered the corn on the stalk, and stored one-third of it on a farm occupied by himself and cribbed the remainder on the farm where it had grown. Under the contract of tenancy the landlord was to have one-third of the crop. On March 11, after the plaintiff left the farm and defendant had resumed possession, the plaintiff sent a man to gather the corn, and the defendant refused to permit him to do so. Plaintiff testified that he called upon defendant at once to ascertain what he had determined to do, and that defendant then claimed to be the owner of all the corn.

The testimony was conflicting on almost every question. The contention on the part of plaintiff was that the defendant had converted his property; the defendant contended that he was the owner of the crops. The case was one that involved disputed questions of fact, and upon the evidence the jury might

have found for either party. Since they are the triers of the facts, the case should have been submitted to them.

The judgment is reversed, and the cause remanded for further proceedings.