ALBERT BALDWIN V. JOHN BALDWIN.

No. 14,434.     (84 Pac. 568.)

SYLLABUS BY THE COURT.

1. CONTRACT—*Parol Agreement to Convey Land—Possession as Part Performance.* In a suit to enforce a parol agreement to convey land, where possession is relied upon as part performance to take the case out of the statute of frauds, the character of the possession is of the greatest importance. It must be notorious, exclusive, continuous, and in pursuance of the contract.

2. ——— *Insufficient Instruction.* An instruction that plaintiff is entitled to recover if he has proved that he was placed in possession of the land under the contract held insufficient under the conceded facts in the case.

Error from Clay district court; SAM KIMBLE, judge. Opinion filed February 10, 1906.   Reversed.

STATEMENT.

THIS is a proceeding in error to reverse a judgment rendered against the plaintiff in error as defendant in an action for damages for the breach of a parol agreement to convey certain land, consisting of a farm in Clay county.   Albert Baldwin, now past ninety-six years of age, is the father of John Baldwin, the defendant in error, and in 1893 owned an eighty-acre farm, upon which he was living with an unmarried daughter.   John Baldwin, with his family, was then visiting at his father's farm, on the way to take up land in Oklahoma.   He claims that his father offered, if he would move upon the place, stay there, and keep and support his father, to deed to him the land.  He says that he told his father he would agree to this, provided he could purchase the adjoining 120 acres, which he did a few days thereafter, and informed his father that he had decided to accept the offer; that his father said: "All right; I will make you out a deed the first time I go to Clay Center;" that

with his family he at once moved upon the place, and in connection with the 120 acres he had purchased farmed it until 1896, when he built a house on his own land. He also claims that from the time he moved upon the eighty acres (in 1893) until 1901 his father continued to live with him, and that during this time he furnished the support and maintenance agreed upon.

In 1901 Albert Baldwin went upon a visit to a married daughter in Idaho, where he has ever since remained, and some time after going there conveyed the eighty acres to this daughter. The conveyance was recorded in February, 1902. The son then brought this action, claiming that he had fully performed the contract on his part, so far as it was possible for him to do so, and except as prevented by his father; that the value of the land is $800; and that the reasonable value of the services performed under the agreement is $800.

There were no valuable and lasting improvements placed upon the land by plaintiff, and except for some slight alterations in some wire fencing no improvements of any kind were made upon it. There were ten acres broken out in 1893, and the same when this action was brought. The son used the remainder of the land in connection with his own farm as a pasture.

Defendant filed a general denial, and also a counterclaim upon an open account for money loaned to the son at various times and supplies and property which he claims the son received from him. Among other items was one for $300, which he testifies was pension money loaned the son, and for which he says the son agreed to execute a note, but never did so. Some of the items he says he never intended to charge against the son unless the son charged him for board. In his testimony he denies making any agreement to convey the land, and declares that the son rented a part of the eighty acres from him and gave him a share of the crops, that he always held possession of the land him-

self, and that portions of it were rented by him to other persons during the time plaintiff claims to have had possession. He denies that the son kept or maintained him. He testifies that during the first three years he lived with his son in his own house on this land, and furnished provisions and money for his share of the living expenses; that after the son moved to the other place he remained in his own house but took part of his meals at the son's house, and stayed there about one-fourth of the time. He also testifies that his reason for leaving and going to the daughter's home in Idaho was that his son's wife told him she could not keep him any longer, and that he would have to leave.

The jury found generally for plaintiff for $800.

*Coleman & Williams*, for plaintiff in error.

*F. P. Harkness, George L. Davis*, and *R. C. Miller*, for defendant in error.

The opinion of the court was delivered by

PORTER, J.: Defendant in error contends that by filing a general denial, and failing to plead the statute of frauds, plaintiff in error waived any defense under the statute. The petition alleged a contract to convey lands, but was silent as to whether the contract was in writing or parol. Plaintiff offered evidence of a parol contract, and the case appears to have been tried upon the theory that the statute of frauds was a defense, except as certain facts relied upon by plaintiff served to avoid the statute. It was said in *Wiswell v. Tefft et al.*, 5 Kan. 263, that the statute of frauds can be relied upon as a defense under a general denial. Without reviewing the authorities upon that question, or considering the claim of defendant in error that the statement in *Wiswell v. Tefft et al.* is *dictum*, it is sufficient to say that the objection in this case to the statute of frauds as a defense is raised for the first

time in this court, and for that reason cannot be regarded with favor.

The principles governing the case are the same as though this were a suit for specific performance of an oral agreement to convey the land. Part performance is relied upon to take the contract out of the statute. It is elementary that the acts of part performance must be such that it would be a fraud upon the party seeking the decree for the other to refuse to perform. When a party has so altered his situation upon the faith. of an oral promise that a refusal to convey would result not merely in damages, not simply in the denial of what he was to receive, but also in inflicting upon him an injustice which the courts consider a constructive fraud, equity then lifts the oral contract out of the statute and compels a performance. (Browne, Stat. of Frauds, 5th ed., §§ 447, 448, 457.) It is likewise elementary that the acts of part performance relied upon must have been done in pursuance of the contract, and must be clearly, definitely and satisfactorily shown. (*Lewis v. North,* 62 Neb. 552, 87 N. W. 312, 314; *Brown v. Hoag,* 35 Minn. 373, 376, 29 N. W. 135; Browne, Stat. of Frauds, 5th ed., § 457.) It is also said that the acts of part performance are not confined to the doing of what the contract stipulates, although they must be related to, and connected with, the contract.

The acts which plaintiff claims amounted to part performance are: (1) The payment of the purchase-price, or the performance of the service contracted for, and (2) the entry into possession of the land. It is well settled that payment of the purchase-price alone is not sufficient part performance. (*Goddard v. Donaha,* 42 Kan. 754, 22 Pac. 708; *Barnes v. Boston & Maine Railroad,* 130 Mass. 388, 390; *Edwards v. Fry,* 9 Kan. 417.) The only question we need consider is whether the court erred in instructing the jury that plaintiff was entitled to recover if he proved that the

contract was entered into and the services were performed by him, so far as he was permitted to perform them, and that "under said contract he was placed in possession of the real estate."

A distinction has been made by many of the authorities between the acts which are considered sufficient part performance in case of a parol gift of land and a parol agreement to convey, which distinction is without any substantial foundation. In the one case possession without valuable and lasting improvements or some other special facts is held not sufficient; in the other, it is said possession alone is all that is required.

"A parol gift of land, even from father to son, will not be enforced unless followed by possession and by valuable improvements made by the donee, or unless there are some other special facts which render the failure to complete the donation peculiarly inequitable and unjust." (Pom. Cont. § 130.)

The same author says (section 133) "possession of the land is a sufficient act in case of an agreement; possession and improvements in case of a mere parol promise or gift." This distinction has been repudiated by a number of courts, for the very sound reason that in both classes of cases courts afford relief and compel specific performance upon exactly the same equitable considerations. Aside from the contract in the one case and the gift in the other, the acts of the parties must have resulted in such a change in the situation or condition of the party seeking to compel performance that it would be unjust and inequitable to deny him relief. The enforcement is not based upon the contract or the gift. In *Galbraith v. Galbraith,* 5 Kan. 402, it was said:

"So far, we have considered the case as one arising out of pure contract as between strangers, because the petition alleges a direct and positive contract, but if it be considered as a gift without consideration, the conclusion will not be changed. The fundamental principle upon which courts obtain jurisdiction remains the same. It would as much be a hardship and

fraud on the donee to be put in possession, to be induced to make large improvements for the melioration of the estate, and then for the donor to refuse to execute the gift, as it would be in the case of a purchaser. . . . It is admitted, however, that on this point the decisions have not been as uniform and harmonious as in the case of a purchase for a valuable consideration, though the general current of authorities, as well as the reasons given, apply equally as well to a gift as to a purchase. The same rule holds in the one as in the other. The possession and improvements must be under the gift and induced by it, or made in consequence of it." (Pages 410, 411.)

In the same case the court, referring to the diversity of opinion upon the sufficiency of possession alone, used the following language:

"It seems to be almost universally held that the delivery of possession and the making of valuable improvements will be such part performance as will entitle the vendee to specific execution of the contract. While there is some diversity of views as to whether the mere letting into possession alone, or possession and payment of the consideration money, in whole or in part, or some other acts, will constitute such part performance, there seems to be none where the possession is taken under the contract, in pursuance thereof, and continued, accompanied by lasting and valuable improvements of the premises." (Page 409.)

In stating the general rule in reference to the effect of part performance upon a parol gift of land the language frequently adopted by this court and others seems to ignore any distinction between parol gifts and parol agreements to convey. In Flanigan v. Waters, 57 Kan. 18, 45 Pac. 56, it was said:

"Equity protects and enforces a parol gift equally with a parol contract of the sale of land where possession is taken in pursuance of the gift, improvements made, and the donee changes his situation or condition upon the faith of the gift." (Syllabus.)

The language used by the supreme court of the United States in Neale v. Neales, 76 U. S. 1, 19 L. Ed. 590, is the same in substance, but it was said in Ed-

*wards v. Fry,* 9 Kan. 417, 423, that delivery of possession will take a case out of the statute, and the weight of authority supports this contention. If the question were a new one we should incline to hold that bare possession is not sufficient; and there is certainly no substantial reason for requiring valuable improvements in a case of a parol gift which does not apply with equal force to the case of a parol agreement to convey.

All the authorities agree, however, that when possession is relied upon as part performance it must be notorious, exclusive, and obviously in pursuance of the contract.     (Browne, Stat. of Frauds, 5th ed., §§ 472-476; *Baldwin v. Squier,* 31 Kan. 283, 284, 1 Pac. 591.)     It appears without contradiction that at the time the agreement is alleged to have been made in this case the old man was living on this land. The son brought his family there and moved into the house with his father, and this arrangement continued for three years. The son then built a house for himself on his adjoining land and removed there with his family. For some time afterward the old man continued to occupy his own house. The son claims that he farmed the eighty acres in connection with his own land, but the character of his possession under the conceded facts could hardly be said to have been exclusive. At least, under all the circumstances in evidence and in view of the claim of defendant that he never surrendered the possession to his son, but kept it himself and rented the land to others, the instruction with reference to the character of the possession which it was necessary for plaintiff to establish in order to recover was very meager. The jury were instructed that it was sufficient if plaintiff proved that "under said contract he was placed in possession of the real estate." It is said in Browne on the Statute of Frauds, fifth edition, section 474:

"Secondly, it must be *exclusive.* Where the purchaser moves in upon the premises and remains there

in company with the previous occupant, not as the ostensible and exclusive proprietor, or where the metes and bounds of the land alleged to be purchased are not fixed and recognized, and the purchaser occupies it in common with adjacent land of his own, it has been held that possession, as an act of part performance, was not sufficiently made out."

The authorities also hold that the possession must be continuous. The instruction entirely ignores this element of possession, and, literally construed, would authorize a verdict for plaintiff if possession under the contract was delivered and afterward abandoned. We think that where possession is relied upon in a case of this kind the character of the possession is of the greatest importance; it must be open, notorious, exclusive, and continuous, and, as was said in *Baldwin v. Squier*, 31 Kan. 283, 284, obviously in pursuance of the contract.

It is also held that before specific performance of a parol agreement to convey lands will be enforced the facts relied upon must be established by clear and satisfactory proof. This rule rests upon solid grounds. The evidence in this case is conflicting. The jury found upon the issues in favor of the plaintiff, and, while we cannot consider the weight of the evidence with a view of reversing or affirming their verdict, it is proper to say that the evidence relied upon to establish the contract and the performance of it is not, in our opinion, clear or satisfactory.

For the error in the instruction, therefore, the judgment is reversed, and the cause remanded for a new trial.

All the Justices concurring.