No. 19,385.

G. M. Jamison, *Appellant,* v. George Christman and
Phillip Christman, *Appellees.*

### SYLLABUS BY THE COURT.

1. Action on Verbal Agreement—*General Denial—Statute of Frauds.* In an action to recover on a verbal agreement a general denial by the defendants is sufficient to let in the defense of the statute of frauds.

2. Three-year Lease—*Verbal Agreement to Supply Water—Within Statute of Frauds.* A verbal agreement alleged to have been made, but which was not included in the written lease of the farm, was to the effect that the lessors would provide the lessee with sufficient water for all purposes for the term of the lease, which was three years, is held to be within the statute of frauds and void.

Appeal from Shawnee district court, division No. 1; Alston W. Dana, judge. Opinion filed April 10, 1915. Affirmed.

*W. E. Atchison,* and *D. H. Branaman,* both of Topeka, for the appellant.

*W. R. Hazen,* and *H. Ward Page,* both of Topeka, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This was an action begun by G. M. Jamison to recover damages from George Christman and Phillip Christman for their failure to supply him with water sufficient for his needs in connection with the lease of certain property located in Shawnee county and in accordance with the provisions of a guaranty to furnish water sufficient for his purposes. On September 23, 1910, George Christman leased the property to plaintiff for a term of three years and provided in the lease for the payment of rent at fixed times, but no guaranty as to the supply of water was contained in the

lease, nor was the subject of the water supply mentioned in the instrument. Plaintiff alleged, however, that defendants orally represented and guaranteed that certain springs and wells then on the place were perpetual and "would furnish him all the water he could use and would need during the term of his lease," and, further, "that if for any reason they should fail to do so, they would put down wells that would furnish him an abundance of water during the term of his lease." Plaintiff also alleged that these statements were knowingly false and were fraudulently made; that George Christman was duly authorized as the agent of Phillip Christman to execute the lease and to make the false and fraudulent statements; that the wells and springs went dry about the middle of July, 1911, and remained so until about April 1, 1912, and again went dry about the middle of July, 1912, and remained so until about the middle of October, 1912, with the result that he was forced to haul water for his stock, and thus he was damaged in the sum of $825. In the answer the making of the alleged guaranty was denied, and it was alleged that plaintiff made no claim of such guaranty until notice was served upon him to vacate the farm for nonpayment of rent. On the trial of the case it was shown that the farm belonged to Phillip Christman, and some evidence was introduced tending to prove the alleged guaranty. The jury returned a verdict in plaintiff's favor and against George Christman for $600. In the special findings the jury found that prior to the execution of the lease George Christman guaranteed to furnish plaintiff sufficient water for all purposes during the term of the lease. Motions for a new trial and for judgment on the special findings were heard together, and the court determined that the Christmans were entitled to judgment on the special findings. Jamison appeals.

The decision was based mainly on the ground that the oral contract about which the testimony was ad-

mitted was incapable of performance within one year, and was therefore void under the statute of frauds. This ruling must be upheld.

It is first contended that the defense of the statute of frauds is not available unless it is specially pleaded and the answer of the defendants was a general denial. It is the rule in some of the states that a party can not avail himself of this defense unless it is specially pleaded. A different rule, however, obtains in this state, and has from the beginning. In the early case of *Wiswell v. Tefft et al.,* 5 Kan. 263, it was decided that:

"The statute of frauds may be relied on as a defense as well under a general denial as under any other answer." (Syl. ¶ 3.)

(See, also, *Baldwin v. Baldwin,* 73 Kan. 39, 84 Pac. 568, 4 L. R. A., n. s., 957; *Thisler v. Mackey,* 5 Kan. App. 217, 47 Pac. 175.)

And in many other jurisdictions a denial of the contract is sufficient to let in the defense of the statute of frauds. (*Feeney v. Howard,* 79 Cal. 525, 21 Pac. 984, 4 L. R. A. 826, 12 Am. St. Rep. 162; *Jordan v. Furnace Co.,* 126 N. Car. 143, 35 S. E. 247, 78 Am. St. Rep. 644, and note; 20 Cyc. 314.)

As to the invalidity of the verbal agreement relied on there can be little doubt. (*Wolf v. Dozer,* 22 Kan. 436.) Plaintiff insists that the agreement, fairly and reasonably interpreted, could have been performed within one year and therefore was not within the statute. It has been held that a parol contract which is capable of being fully performed within a year and there is no stipulation in it to the contrary is not within the statute although it is not likely to be performed within a year and even if it was not in fact performed within that time. (*Larimer v. Kelley,* 10 Kan. 298; *Sutphen v. Sutphen,* 30 Kan. 510, 2 Pac. 100; *A. T. & S. F. Rld. Co. v. English,* 38 Kan. 110, 16 Pac. 82; *Aiken v. Nogle,* 47 Kan. 96, 27 Pac. 825; *Burnell v.*

*Bradbury,* 67 Kan. 762, 74 Pac. 279.)   Here, however, the alleged agreement guaranteeing to supply water was a continuing contract extending for the term of the lease, which was three years.   It bound the defendants not only to supply water for the first year but for the entire term of the lease.   The agreement pleaded was to that effect, and the jury in answer to a special question as to what length of time and what quantity of water the defendant guaranteed to supply said: "A sufficient amount of water for all purposes for the time of lease."   Substantially the same answer was made to another question asked in another form.   The plaintiff says that the defendants could have sunk wells within a year which would have supplied sufficient water, but the agreement made, as found by the jury, was not to dig wells but to furnish water and that for the fixed period of three years.   The digging of wells is one of the methods of obtaining water, and according to the testimony some talk was had between the parties about digging wells to increase the supply, but the proposed wells might have failed like those already sunk, and, besides, the sinking of wells was not the condition of the agreement.   It was, rather, the furnishing of water until the last day of the term named in the agreement. The obligation was a continuing one, and if it could be said that the parties contemplated the digging of wells in case the supply already provided was insufficient the obligation would still remain that the wells to be dug in connection with other sources of supply would be maintained during the term and should furnish plaintiff a sufficient supply of water for all purposes during the life of the lease.   In a somewhat similar case where a tenant sued a landlord for noncompliance with a verbal agreement to furnish water during the term of a lease which extended beyond one year the court held the agreement to be unenforceable.   Speaking of the nature and duration of the obligation assumed the court said:

"It was an agreement not to be performed within the space of one year from the making, and comes within

the first section of our statute of frauds. The mere fact that its performance was possible within a year by the adoption of such means as would secure a probably continuous flow of water, would not prevent the statute from applying. It was a continuing obligation which could not be fully satisfied or completely performed until the end of the term. It bound her not only to furnish the supply at the beginning of the term, but to keep the supply sufficient until the end of the term." (*Cooney v. Murray*, 45 Ill. App. 463, 465.)

Some of the many authorities holding an oral agreement to be within the statute where the obligation under which the action is brought extends beyond the period of one year are *Day v. New York Central Rail Road Company*, 31 Barb. (N. Y.) 548; *Wilson v. Ray*, 13 Ind. 1; *Lawrence v. Woods*, 17 N. Y. Super. Ct. 354; *Swift v. Swift*, 46 Cal. 266; *Lapham v. Whipple*, 49 Mass. 59, 41 Am. Dec. 487; *Frary v. Sterling*, 99 Mass. 461; 20 Cyc. 206; Browne on the Statute of Frauds, 5th ed., § 283; Smith on the Law of Fraud, § 347.

By the express terms of the agreement in question a continuing obligation is imposed on the defendants which remained upon them for more than one year and was incapable of performance within that time. It is a serious question whether or not testimony as to the statements and stipulations of the parties relating to the supply of water, made before the execution of the lease and which were omitted from it, were admissible. If it be assumed, however, to have been a distinct and independent agreement which did not conflict with those written in the lease it must still be held to be within the statute of frauds and therefore void.

We find nothing in the case which excepts it from the operation of this statute or would make it enforceable.

The judgment of the district court is affirmed.