No. 22,388.

O. J. DUNN, *Appellant,* v. GERTRUDE WINANS and CURTIS W. WINANS, *Appellees.*

### SYLLABUS BY THE COURT.

1. ORAL CONTRACT—*Sale of Real Estate—Partial Possession Given— Statute of Frauds.* An indivisible oral contract for the sale of real property is not taken out of the operation of the statute of frauds by the delivery of possession of part of the property.

2. SAME—*Nonenforcible—Elements of Purchaser's Damages.* A purchaser of real property under an oral contract, nonenforcible on account of the statute of frauds, who is by the vendor put into possession of a part of the real property purchased, and who makes improvements thereon, may recover the damages sustained by him on account of such improvements, if the vendor refuses to perform his contract.

3. APPEAL—*Jurisdiction of Supreme Court.* Where an action of which the supreme court has jurisdiction is appealed from the district court to the supreme court, the latter will determine all matters in controversy, although on examination, it is determined that the action is not well founded except as to a claim of $50.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed January 10, 1920. Affirmed in part, and reversed in part.

*Earl Blake, W. A. Ayres, C. A. McCorkle,* and *W. H. Jones,* all of Wichita, for the appellant.

*E. L. Foulke,* and *Kenneth K. Cox,* both of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, O. J. Dunn, brought this action to compel specific performance of an oral agreement for the conveyance of real property. Judgment was rendered in favor of the defendants on a demurrer to the plaintiff's petition.

The petition alleges, "That on or about the 29th day of March, 1918, defendants entered into an agreement with plaintiff whereby they agreed to sell and did sell to said plaintiff the real estate hereinbefore described, and agreed to convey said property to said plaintiff, by deed of General Warranty," for a certain consideration named in the petition. The petition further alleges, "That on the 30th day of March, 1918, defendant placed plaint·ff in possession of said property, except the house thereon; that plaintiff entered into possession of said property, put in garden and crops, set out berry bushes thereon and other shrubs, reseeded portion of said lots to alfalfa and has expended considerable money and time in improving said property, and has been damaged, to wit: the sum of $50." The petition also alleges that the plaintiff was damaged in the sum of $300 by reason of the sale of his home for the purpose of carrying out his contract with the defendants; and that the plaintiff was damaged in the further sum of $1,000 by reason of the value of the property contracted to be sold, over and above the contract price. The petition prays for a conveyance of the real property, but if such conveyance cannot be executed, then for the sum of $1,350 as damages.

1. Each side in its brief states that this action is brought for the specific performance of an oral contract to convey real estate. The question discussed is, Was there sufficient possession given to the plaintiff to take this contract out of the operation of the statute of frauds, sections 4888 and 4889 of the General Statutes of 1915? The rule is that to take a parol contract for the sale of land out of the statute of frauds by reason of a delivery of possession, such possession must be notorious, exclusive, and obviously in pursuance of the contract. (*Baldwin v. Squier*, 31 Kan. 283, 284, 1 Pac. 591; *O'Brien v. Foulke*, 69 Kan. 475, 77 Pac. 103; *Baldwin v. Baldwin*, 73 Kan. 39, 84 Pac. 568.)

The contract as alleged in the petition provides for the sale of certain lots in Wichita on the payment of certain sums of money and the assumption of a mortgage on the property. The contract is not divisible; it is one entire contract and cannot be separated into parts. Under such a contract, possession of the property intended to be conveyed, must be of all the

property, in order for that possession to be exclusive. When a part of the property to be conveyed is retained, and a part only delivered, the possession of the part delivered cannot be set up to take the contract out of the operation of the statute of frauds. The property in controversy consists of twenty-one lots and a house, in Wichita. As the defendants retained possession of the house, the plaintiff did not have exclusive possession of the property. Specific performance cannot be compelled.

2. *Deisher v. Stein,* 34 Kan. 39, 7 Pac. 608, and *Baldridge v. Centgraf,* 82 Kan. 240, 108 Pac. 83, are cited by the plaintiff for the purpose of establishing that he is entitled to recover the $50 damages sustained by him for making permanent improvements on the property. In *Deisher v. Stein,* it was held that under a parol lease a lessee who had entered into possession of the land and had expended time, labor, money and materials in making improvements, can recover from the landowner such damages as in justice and equity he should recover; "That the taking of the possession of the property and expending time, labor, money and materials thereon, to this extent takes the case out of the statute of frauds." (Syl.) In *Baldridge v. Centgraf,* it was held that the purchaser of real property under an oral contract, who had moved into the property, and who had incurred expense in reliance upon the agreement, might assert a claim for reimbursement, not under the contract, but upon all the facts of the case. In *Lister v. Batson,* 6 Kan. 420, the purchaser of real property under an oral contract was "put in possession of said land except the dwelling house thereon." (p. 421.) The contract was not performed, and the court said, "The vendee in such case is entitled to compensation only for the expenditure of money and labor bestowed upon the land of which he is denied any benefit by the fault of the vendor." (p. 425.) In *Wonsettler v. Lee,* 40 Kan. 367, 19 Pac. 862, this court said, "A party who performs labor for another under a verbal contract not capable of performance within one year, and which the other party refuses to carry out, cannot enforce such agreement; but the party refusing to perform, and who has received the benefits of the labor, is liable for the same upon a *quantum meruit.*" (Syl. ¶ 1.)

Under these declarations of this court the plaintiff is entitled to recover the damages sustained by him by reason of the improvements he made on the property; but he is not entitled to recover damages on account of the sale of his former home, nor on account of the increase in the value of the property purchased. The allegations concerning the $50 damages on account of improvements made by the plaintiff state a cause of action and compel a reversal of the judgment, but the plaintiff is not entitled to recover for any other item of damage alleged.

3. The defendants contend that this court does not have jurisdiction to order a reversal of the judgment on account of the $50 damages alleged in the petition. The answer to this contention is that the action is one to compel specific performance, and of that this court has jurisdiction. The prayer of the plaintiff is in the alternative; if specific performance cannot be had, then $1,350 is asked, of which this court also has jurisdiction. The judgment is one from which an appeal can properly be taken. When that appeal is filed in this court, it has jurisdiction to determine all matters presented. This view is supported by *Robinson v. Lamoureaux*, 71 Kan. 850, 80 Pac. 595; and by *Cardwell v. Railroad Co.*, 90 Kan. 707, 136 Pac. 244.

The judgment is reversed, and the cause is remanded with directions to proceed under the cause of action stated for $50 damages on account of improvements made, but for no other purpose. The judgment is affirmed as to the cause of action for specific performance, and as to all other allegations of damage.