No. 26,924.

C. R. BOLLIER, *Appellant,* v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR — *Right to Review — Amount in Controversy.* The supreme court does not have appellate jurisdiction of an action for a sum of money less than one hundred dollars; and the ground cannot be laid for such an appeal by merely suing for a sum in excess of that amount where the most favorable interpretation of plaintiff's evidence will not justify such a demand, and where plaintiff's only contention on appeal is that the trial court should have entered judgment in his behalf for an amount which was less than one hundred dollars.

2. CARRIERS — *Damage for Delay — Special Findings — Evidence.* In an action against a railway carrier for damages for delay in the transportation and delivery of a carload of barley, the special findings of fact and the record examined, and *held,* the carrier's delay occasioned plaintiff no damage, and the general verdict and judgment for defendant contained no error.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 12, 1927. Affirmed.

*William K. Ward* and *Grant W. Harrington,* both of Kansas City, for the appellant.

*W. P. Waggener, O. P. May,* both of Atchison, and *T. M. Van Cleave,* of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff sued defendant for damages on account of delay in transporting a carload of barley from Towner, Colo., to Kansas City, Mo.

From the jury's special findings of fact and statements of plaintiff's counsel, it appears that the car left Towner on October 18, and arrived in Kansas City Saturday evening, October 25; and that it

---

Appeal and Error, 3 C. J. pp. 399 n. 79, 403 n. 10; 2 R. C. L. 35. Carriers, 10 C. J. p. 305 n. 58. Courts, 15 C. J. p. 1064 n. 40.

Bollier v. Missouri Pac. Rld. Co.

should have arrived on Friday evening, October 24. It was sold on Tuesday, October 28, on a market which had been declining for several days. Plaintiff sued for $160.47.

Jury trial; special findings of fact; general verdict for defendant; motion for new trial denied; judgment for defendant; appeal.

Plaintiff contends that the general verdict was inconsistent with the special findings and that he was entitled on those findings to a judgment for $98.75 or a new trial.

Defendant challenges plaintiff's right of appeal.

Since on no interpretation of the evidence disclosed by the record did plaintiff have any excuse for suing for a sum in excess of $100, and his only contention here is that he should have had judgment for $98.75 or a new trial, it rather clearly appears that this court has no jurisdiction of this appeal. (R. S. 60-3303.) Of course, if a plaintiff has a *bona fide* claim for a sum of money in excess of a hundred dollars with some evidence which, although controverted and of questionable trustworthiness, would support that claim, he would have a cause of action which might find its way to this court for review (*Robinson v. Lamoureaux*, 71 Kan. 850, 80 Pac. 595; *Cardwell v. Railroad Co.*, 90 Kan. 707, 136 Pac. 244), but he cannot lay the ground for an appeal to this court by suing for $110 on a mere ten-dollar claim, nor by suing for $160.47 on a claim which by no construction of the evidence would support a judgment in excess of $98.75. Here there is no complaint of exclusion of evidence, which, if favorably considered, would have warranted a judgment for an amount which could be reviewed by this court.

However, if we disregard the jurisdictional question and examine the special findings, it is only at first blush that they seem inconsistent with the general verdict, and then only because they do not elicit all the controlling facts which are manifestly reflected in the general verdict. Some of the findings read:

"Q. 7. State what date the car should have arrived at destination? A. [Friday], October 24, 1924, at 5:15 p. m."

"Q. 5. What was the market value of the barley per bushel on the day it should have arrived at destination? A. No. 4, 86 to 89 cents."

"Q. 6. State what date the car arrived at destination. A. Saturday, October 25, 1924."

"Q. 3. What was the market value of the barley per bushel when it arrived at destination? A. No. 4, 77 to 82 cents."

"Q. 9. State what date the car was delivered to the defendant? A. October 27, 1924, a. m."

State, *ex rel.,* v. Riverside Drainage District.

But in addition to these facts thus ascertained by the jury's special findings, it was shown without dispute that prior to the sale of carload barley on the Kansas City market, it was necessary that it be subjected to official inspection by Missouri state authorities, and that such inspection was only rendered in the afternoon of each business day except Saturday, and it was shown that if the carload had arrived on time, Friday evening, October 24, it could not have been inspected until Monday afternoon, October 27, and therefore not ready for market until Tuesday, October 28. Arriving on Saturday, October 25, as it did, it was inspected on Monday, October 27, and sold on Tuesday, October 28, precisely as it would have been if the barley had been transported without delay and had arrived in Kansas City Friday evening as the jury found it should have done. It therefore became obvious to the triers of the facts—the jury—that the delay in transportation and delivery of the shipment occasioned plaintiff no damage; and therefore the general verdict and judgment for defendant contains no error, and must be affirmed.